## CHARLES F. JOHNSON

*v.*

## THE FIRST NATIONAL BANK OF CHARLESTON.

*Opinion filed October 24, 1901.*

1. WILLS—*punctuation of will may be disregarded.* In construing a will the punctuation is not to be regarded, if any change in that respect will render the meaning of the instrument more obvious and unquestionable.

2. SAME—*will construed as to who are beneficiaries thereunder.* Under a will giving all the property of the testatrix to her legal heirs, to be divided equally, etc., and "in case of their death I bequeath the same to their legal and lawful heirs, except in the case of my son Alonzo Hilton Davis' heir, he is to have no lot or part of my estate; * * * and my beloved son, James M. Davis, in person or by his heirs have no part or lot in my estate," neither the grandson nor the son, James M. Davis, takes as legatee or devisee.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

J. H. MARSHALL, for appellant.

A. J. FRYER, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

In November, 1899, Rachel A. Davis, residing in Coles county, this State, died testate, owning the south-east quarter of the south-east quarter, the north-west quarter of the south-east quarter and the east half of the south-west quarter of the south-east quarter of section 19, township 11, north, range 11, east of the third principal meridian, situated in that county. She left surviving her Walter P. Davis, Mark C. Davis, Roswell R. Davis, James M. Davis and Mollie Epperson, her children, and William Davis, her grandson, the child of her deceased son, Alonzo H. Davis, her heirs-at-law. Prior to her death she executed her last will and testament, which, after

providing that her administrator should first pay her funeral expenses and debts, was as follows:

"*Second*—I hereby will and bequeath my personal property and real estate whatsoever to my legal and lawful heirs to be divided equally between them after payment of funeral expenses and outstanding bills are paid justly contracted by me. In case of their death I bequeath same to their legal and lawful heirs, except in the case of my son Alonzo Hilton Davis' heir, he is to have no lot or part in my estate, I having previously deeded him twenty acres of land in Coles county, Illinois, in full of all demands; and my beloved son, James M. Davis, in person or by his heirs have no part or lot in my estate, I having paid him $500 in full of all demands against my estate—a receipt for which will be found with my papers."

This is the only clause of the will important to be considered in the decision of this case. After the will had been duly probated the administrator sold the real estate above described to one Charles F. Johnson,—the above named heirs, except James M. and William Davis, joining in the deed of conveyance. The appellee, the First National Bank of Charleston, holding a judgment against the said James M. Davis for the sum of $600, caused an execution to be levied upon his supposed interest in the above real estate, and on June 14, 1900, the sheriff of said county sold the same to the said bank, and issued to it, in due form of law, a certificate of purchase. This bill is filed by the said Charles F. Johnson to set aside that sale as a cloud upon his title. To the bill a demurrer was interposed by the bank and sustained, a decree being entered dismissing the bill at the complainant's cost. To reverse that decree this appeal is prosecuted.

It is conceded by counsel on either side that the only question in the case is whether or not, by the terms of said second clause of the will of Rachel Ann Davis, her son James M. Davis took an interest in her estate. It seems that counsel for the appellee relies upon the case

of *Wolfer* v. *Hemmer*, 144 Ill. 554, as sustaining the conten-
tion that James M. Davis, by the language of the will,
became a devisee or beneficiary.   We are unable to see
how that case can be in point here.   There the question
was not as to who were the legatees or devisees under
the will, but, as stated in the opinion, the only question
was, did the wife of John Hemmer, under his will, take
the title to certain lots for life only, with a power of
disposition of the same, or in fee.   Here the question is
who, by the terms of the will, are made beneficiaries, and
this depends, not upon a construction of different clauses
of the will, but upon the language used in a single clause
or provision.

   We need not repeat the rule as to the intention of the
testator controlling in the construction of wills.   That
is conceded by both parties.   We are at a loss to perceive
how there can be any serious question, from the language
used, as to what the testatrix meant.   It is a well recog-
nized rule of construction that, as applied to wills, the
"existing punctuation is not to be regarded if any change
in that respect will tend to bring out and render the
meaning of the instrument more obvious and unquestion-
able."   (1 Redfield on Wills, secs. 433, 434.)   Suppose we
read over the period at the end of the first sentence;  does
it not make it perfectly clear that the testatrix intended
to give the property to her legal and lawful heirs, ex-
ccpt the said grandson and James M. Davis?   We regard
the language as clearly and unequivocally expressing the
intention that the grandson and James M. Davis should
have no part or interest in the testatrix's estate, giving
the reasons therefor.   The first sentence, as the will is
written, would vest the title in fee in all the heirs of the
testatrix, and so understood the will would be of no
effect, the law preferring to vest the title in heirs by in-
heritance rather than by will;  and so the manifest object
of the succeeding language excepting the grandson and
James M. was to show the testatrix's intention to give

the property, not to all of her heirs, but only to those not excepted.

We are of the opinion that the chancellor was in error in sustaining the demurrer to the bill. Its decree will accordingly be reversed, and the cause will be remanded for further proceedings in conformity with the views herein expressed.                                    *Reversed and remanded.*