ANNIE KUEHLE, Defendant in Error, *vs.* NICHOLAS ZIMMER *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1911.*

1. WILLS—*the punctuation or paragraphing of a will does not ordinarily control its meaning.* The punctuation or paragraphing of a will will not ordinarily be permitted to control its meaning, but every part of the will must be considered in relation to every other part.

2. SAME—*when residuary clause is not limited to personal estate.* A residuary clause will not be limited to personal estate even though a prior clause, considered by itself, may devise a fee simple in the real estate, where it appears from a consideration of the entire will that a life estate, only, was intended to be devised in both real and personal property.

3. SAME—*fact that clause uses words "rents" and "estate" indicates an intention to include real estate.* A clause in a joint will giving all the personal property to the survivor, "who also shall have the entire benefit of all incomes, rents, interests, etc., of the estate left to said survivor to be used by him or her as the case may be free and undisturbed during his or her natural life," refers both to real and personal property and limits to a life estate a prior devise of the real estate to such survivor.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

SAMUEL J. LUMBARD, for plaintiffs in error.

M. B. WALTZ, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Elizabeth Zimmer died on January 8, 1889, leaving a will, which was admitted to probate on May 31, 1904, on the petition of Nicholas Zimmer, her husband. The plaintiffs in error, who assign error, are her heirs, being collateral relatives. The will, omitting the clause nominating the executor and the attestation clause, is as follows:

"We, Elizabeth Zimmer and Nicholas Zimmer, both of over full age and of sound disposing mind and memory, do in anticipation of our deaths, hereby make, and by these presents do declare this to be our last will and testament in words and figures following, to-wit: ·

"1st.—We do hereby order that all of just debts and funeral expenses, and all costs and expenses incident and accruing out of the settlement and administration upon our estate shall be first duly paid and satisfied.

"2nd.—After the payment of all of our just debts and other expenses as stated above, we give, devise and bequeath to each other or to whomsoever of us that may be the survivor. That certain lot, piece or parcel of land known and described as follows, to-wit: Lot number twenty-four (24) in block thirteen (13) of Newberry's ad-

249—35

dition to Chicago, county of Cook and State of Illinois, together with all buildings and improvements thereupon, also all and any real estate that we or either of us may own or possess or be interested in at the time of the decease of either of us.

"3rd.—All the personal property of whatever name or nature which we or either of us may possessed or entitled to at decease, is by these presents given, devised and bequeathed to the survivor of us, the makers of this will who also shall have the entire benefit of all incomes, rents, interests and etc., of the estate left to said survivor to be used by him or her as the case may be free and undisturbed during his or her natural life.

"4th.—We give and bequeath to our niece, Annie Kuehle, wife of Louis Kuehle, the sum of two thousand (2000) dollars to be paid to her out of our estate as soon as possible after approval of this will by the honorable court.

"5th.—We give and bequeath to Michael H. Younkes, our nephew's son, who is now about twenty (20) years of age, the sum of one thousand (1000) dollars to be paid to him as soon as possible after the approval of this will by the said court.

"6th.—After the decease of both of us the makers of this will, we give and bequeath in equal shares the residue of our estate to our heirs from both sides."

Elizabeth Zimmer left no personal property, and neither she nor her husband owned any real estate other than that described in the will, either when the will was executed or at her death. On June 14, 1905, Nicholas Zimmer conveyed to Annie Kuehle, the defendant in error, the undivided two-fifths of such real estate, and she thereupon filed a bill for the partition of the premises, making parties the heirs of Elizabeth Zimmer upon the allegation that they claimed an interest in the land but averring that the will devised the premises to Nicholas Zimmer in fee simple.

The plaintiffs in error claim that the will devised to Nicholas Zimmer a life estate, only, in the premises.

Under section 13 of the Conveyance act the second clause of the will devised the premises to Nicholas Zimmer in fee simple, unless limited by some other clause in the will. The sixth clause, however, expressly declares that after the death of both of the makers of the will the residue of the estate shall go to the heirs of both. The plaintiffs in error contend that the residue mentioned in the sixth clause is the remainder after the termination of the life estate, which they insist is all that was devised to Nicholas Zimmer, while the defendant in error contends that such residue is only the personal property which may remain after his death. The decree of the circuit court was in accordance with the latter claim and awarded partition as prayed in the bill.

The whole object in the construction of wills is to arrive at the intention of the testator, and for this purpose every part of the will must be considered in relation to every other part. As has been said, the second clause of this will is sufficient to devise the premises to Nicholas Zimmer in fee simple. Such must be its effect if the second clause and the third clause are to be regarded as independent of each other, the one dealing with real estate, the other with personal property. They are not, however, to be so construed. Though each one of the sentences of this will after the introduction is written and numbered as a separate paragraph, this circumstance has but little weight in determining the meaning. The punctuation or paragraphing of an instrument will not ordinarily be permitted to control its meaning. These two sentences are the important part of the will and are intended to constitute the principal disposition of the estate. Read together they express the intention to give all the real estate and all the personal property of the joint makers of the will to the survivor of them, who shall receive the income, rent and interest of the estate, to

be used by him or her, as the case may be, free and undisturbed during his or her natural life. The residue devised by the sixth clause is the remainder after the death of the survivor of the testator and testatrix.

The defendant in error insists that the third clause should be regarded as referring to the personal estate, only. This might be true if the clause could be separated from the rest of the will and considered by itself. Even in that case the word "rents" cannot be properly used in connection with personal property, though it is sometimes loosely and incorrectly so applied. The amount of personal property the makers of the will owned at the time the will was executed does not appear, although it does appear that Mrs. Zimmer at her death left no personal estate. It seems an unreasonable construction to hold that it was intended that the survivor should take the real estate in fee simple and only a life estate in the personal property, and that provision should be made that the personal property, and not the real estate, should go, after the death of such survivor, to the heirs. The use of the words "rents" and "estate" tends to support the contrary view.

Our conclusion is that the second and third clauses of the will are to be read together; that the language of the third clause limits that of the second, and that the will devised a life estate, only, to Nicholas Zimmer. Defendant in error by her deed from him therefore acquired an estate for his life, only, and has no right to demand a partition of the fee.

The decree of the superior court is reversed and the cause remanded.            *Reversed and remanded.*