O. L. TAPLEY, EXR., *vs.* HATTIE R. DOUGLASS, et als.

Hancock.    Opinion June 29, 1915.

*Absolute or During Widowhood.    Bequest.    Bill in Equity.    Construction.*
*Executor.    Intention.    Security.    Will.*

A testator made the following bequest: "I will and bequeath to Hattie R. Douglass two thousand dollars, $2000 in money, all of the household furniture and housekeeping articles in the house in which I now live, together with all the personal property in the barn, and one-half of all the personal property in the store at the corner which I now occupy to have and to use as long as she shall remain the widow of Jeremiah Douglass."    Under this bequest it is,

*Held,* that Hattie R. Douglass has a life estate in the money and other property mentioned in the bequest to her, determinable upon her remarriage, and that it is the duty of the executor to pay the money and deliver the other property to her upon her giving such security for the benefit of the remainder-men, as may be approved by the Judge of Probate who makes the order of distribution.

On report.    Decree in accordance with the opinion.

Bill in equity by Oscar L. Tapley, executor of the last will and testament of James S. Douglass, late of Brooksville, in the County of Hancock, against Hattie R. Douglass, et als., in which he asks the Court to construe the said will and particularly determine whether Hattie R. Douglass is entitled to the legacy of $2000 in money absolutely, and also to determine her precise interest in the remaining personal property.    Answer by all defendants, admitting all the allegations in bill, was filed.    At the hearing, the cause was reported to the Law Court by agreement of parties:    The Law Court to decide all questions involved.

The case is stated in the opinion.

*Hale & Hamlin,* for complainant.

*Fulton J. Redman,* for respondents.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J.    Bill in equity, brought by the executor, to obtain a construction of the will of James S. Douglass, deceased.

The doubtful paragraph is as follows:—"First, I will and bequeath to Hattie R. Douglass Two thousand dollars, $2000. in money, all of the household furniture and housekeeping articles in the house in which I now live together with all the personal property in the barn, and one half of all the personal property in the store at the corner which I now occupy to have and to use as long as she shall remain the widow of Jeremiah Douglass." He then gave to Edgar L. Douglass "Two thousand $2000. dollars in money and one half of the personal property in the store at the corner." He then gave certain specific pecuniary legacies to several legatees, and gave the residue "to the persons hereinbefore named as beneficiaries in the proportion as the amounts specifically named bears to the amount remaining."

We are asked to determine whether Hattie R. Douglass is entitled by the first paragraph to two thousand dollars in money absolutely; also her precise interest in the remaining personal property mentioned in that paragraph. And the debatable question is whether the limitation "as long as she shall remain the widow of Jeremiah Douglass," which no doubt was intended to apply to the personal property in the store, applies also to the earlier gift of money, household furniture, housekeeping articles, and personal property in the barn.

An executor cannot maintain a bill for the construction of a will when he has no personal interest which may be affected by a construction. He may be advised, when necessary to aid him in the performance of his duties as executor, and for his protection. But he can properly be advised only so far as is necessary for the proper performance of his duties. His duties are to conserve, administer and distribute the estate in accordance with the will. He has no interest in the quality of the title of the legatees after a proper distribution. *Burgess* v. *Shepherd*, 97 Maine, 522.

In this case, the legatee is entitled to the possession of the property given to her, whether given absolutely, or for the period of widowhood. The only concern the executor can have is whether security ought to be exacted before the money is paid, or the other property delivered. And that involves the question whether the gift is absolute, or for widowhood. If the limitation applies to the money, and articles in the house and barn, as well as to the property in the store, the legatee was to "have and use" them during her widowhood. And where the use of money is given, the gift is of the interest only,

and the general rule is that the legatee must give some reasonable security to preserve safely the funds for the remainder-man. *Whittemore* v. *Russell*, 80 Maine, 297.

We think it cannot be said with entire certainty what the intention of the testator was. If it was intended that the legatee was to have the use, only during widowhood, of the money, for example, a skilful scrivener would have been likely to phrase the paragraph differently. We would have expected such a one to have expressed the gift as a gift of income, and to have provided specifically for the remainder. On the other hand, if the gift of the money was intended to be absolute, we would have expected the distinction between the gift of the money and the gift of the property in the store to have been more clearly marked. For the gift of the use of the latter was unquestionably limited to the period of widowhood.

There are three gifts expressed in one sentence, money, articles in house and barn, *and* property in store. The first and second gifts are separated by a comma, and the second and third by a comma and the conjunctive "and." Punctuation and even capitalization are uncertain guides, and may be disregarded, when they serve to obscure the true meaning when gathered from all parts of the instrument. But it is noticeable that if the intention was to embody all three gifts in one class, that intention was expressed so far with grammatical nicety. It was a gift of one thing, of another *and* of a third, all in one sentence. And then the sentence concluded without the intervention of any punctuation mark, with the words "to have and to use as long as she shall remain the widow" etc.

If it had been intended that the first and second gifts were to be absolute, and the third not; or the first to be absolute, and the second and third, not, we should expect to find the line of demarcation marked by something more than a comma, and that the mark would indicate whether the line came between the first and second, or between the second and third, gifts. It would have been natural to make a new sentence, in which the gift, differing in quality from the former ones, was to be expressed. Such was the case in *Mace* v. *Mace*, 95 Maine, 283, cited by counsel.

In construing a will, it is proper to read it in the light of surrounding conditions, the relations between the testator and his intended beneficiaries, the amount and nature of his estate, and other relevant circumstances which legitimately tend, in cases of doubt, to show

the probabilities of his intentions, one way rather than another. The record before us is barren of all extraneous facts. We have only the language of the testator. And we do not find in other parts of the will sufficient to control or modify the natural grammatical construction of the clause under consideration. It may be that we shall not give effect to the testator's actual intention. But, if so, it will be because he failed, unfortunately, to express his intention.

We conclude that Hattie R. Douglass has a life estate in the money and other property mentioned in the bequest to her, determinable upon her remarriage. She is entitled to the possession of all. And it is the duty of the executor, upon her giving such security as may be approved by the Judge of Probate who makes the order of distribution, to pay the money and deliver the property to her.

No other questions are open on the executor's bill.

*Decree in accordance with the opinion.*