Iowa City State Bank, Executor, Appellant, v. Martha R.
Pritchard, Appellee.

**WILLS: Estates Created—Qualified Fee.** Principle reaffirmed that a
1  testator may not make an absolute devise of property in fee and
in a subsequent clause of his will defeat or destroy his gift or
limit the enjoyment of the thing given.

**WILLS: Estates Created—Absolute and Restricted Connected Clauses.**
2  If two connected clauses of the same paragraph of a will demonstrate that the bequest is for life, with power of sale, the court
must so declare, even though the first clause, standing alone, would
carry the entire estate in fee.

**Headnote 1:** 40 Cyc. p. 1585.    **Headnote 2:** 40 Cyc. p. 1613.

*Appeal from Johnson District Court.*—R. G. Popham, Judge

March 10, 1925.

ACTION in replevin. The opinion states the facts. At the close of the plaintiff's evidence, the court directed a verdict for the defendant; and from a judgment thereon, plaintiff appeals,—*Affirmed.*

*Byington & Rate,* for appellant.

*Walker & Ries,* for appellee.

VERMILION, J.—The plaintiff and appellant is the executor of the estate of Mrs. Jane Kirkwood, deceased, who was the widow of Samuel J. Kirkwood, and survived her distinguished husband for many years. The property in controversy consists of the household goods, furniture, pictures, books, and personal effects of Samuel J. Kirkwood. Many of the articles are doubtless of considerable historical and sentimental value, owing to the prominent part their owner took in public affairs.

It is the appellant's claim that Mrs. Kirkwood took, under the will of her husband, the absolute title and ownership of the property; while for the appellee it is contended that the will gave her but a life estate, with a power of disposal during her lifetime, and that, since she failed to dispose of the property during her life, it did not become, on her death, a part of her estate.

The appellant must, of course, recover, if at all, on the strength of its title, and not on the weakness of that of its adversary; so that the only question presented is whether Mrs. Kirkwood was the absolute owner of the property, under the will of her husband. The second paragraph of the will of Samuel J. Kirkwood is as follows:

"I also will and bequeath to my said wife all my household and kitchen furniture of every kind and description, bedsteads, bedding, pictures, engravings, oil paintings, photographs, albums, and all books and magazines, bound and unbound, in my possession at the date of my death. In short, all things in my possession in this item specified, tangible, portable, or ornamental, of whatever kind or description, to be used and disposed of by her at her good will and pleasure so long as she shall live. And at my death, should I survive her, whatever shall remain

of the same I will and bequeath to said M. Rachel Pritchard as her sole absolute property.''

It is well settled that a testator cannot make an absolute devise of property in fee, and in a subsequent clause of his will defeat or destroy his gift or limit the enjoyment of the thing given. *Alden v. Johnson*, 63 Iowa 124; *Bills v. Bills*, 80 Iowa 269; *Talbot v. Snodgrass*, 124 Iowa 681; *Luckey v. McCray*, 125 Iowa 691; *Ogle v. Burmister*, 146 Iowa 34; *Canaday v. Baysinger*, 170 Iowa 414; *Bellamy v. Bellamy*, 184 Iowa 1193.

1. Wills: estates created: qualified fee.

It is also settled that, where no particular estate in property is in terms given, although the words used, if standing alone, would be construed as the gift of the entire estate, or an estate in fee, yet, by giving effect to other parts of the will, it may be determined that the testator intended to give but a life estate, and the bequest will be so construed. *Canaday v. Baysinger*, supra; *Miller v. Herrick*, 189 Iowa 668; *Boekemier v. Boekemier*, 157 Iowa 372.

A testator may give but a life estate in property, with a right of disposal in the life tenant, and may himself by his will dispose of so much of the property as shall remain at the death of the life tenant; and the giving of an unlimited right of disposal during the life of the life tenant does not convert a bequest of a life estate into an absolute gift of the entire estate, or an estate in fee. *Spaan v. Anderson*, 115 Iowa 121; *Podaril v. Clark*, 118 Iowa 264; *Simpkins v. Bales*, 123 Iowa 62; *Webb v. Webb*, 130 Iowa 457; *Richards v. Richards*, 155 Iowa 394; *In re Estate of Beaty*, 172 Iowa 714; *Miller v. Herrick*, supra.

This is but to say that the intention of the testator as expressed in the whole will is to be given effect, if possible, and that no part or provision of the will is to be rejected unless so repugnant to a prior unequivocal devise or bequest as that they cannot both stand; in which case a first gift in unambiguous language of the fee or entire estate will prevail over a subsequent attempt to limit the estate so given.

When we read the second paragraph of the will in question in the light of these rules, we think it is clear that but a life estate, with power of disposal, was given to Mrs. Kirkwood in

2. Wills: estates
created: abso-
lute and re-
stricted con-
nected clauses. the property in question. If the first sentence were all, it would be sufficient to give her the property absolutely; but it did not in terms define the estate given as absolute, or the entire interest in the property. The introductory words of the next sentence, "in short," are the equivalent of "to wit," or "that is to say," and serve to call attention to what has preceded, and to particularize what was there, to the mind of the testator, too generally stated, and to render clear and of certain application what might otherwise be doubtful. 38 Cyc. 591. The provision so connected with what immediately precedes it is not a subsequent attempt to limit or qualify an absolute gift of the property previously made in express terms, but is to be construed with what precedes it, as particularly defining the estate given in general terms. If the two provisions had been in one sentence, as they might well have been, we apprehend that the meaning could not have been considered at all doubtful. Mere punctuation of a will is not ordinarily permitted to control its meaning. *Johnson v. First Nat. Bank of Charleston*, 192 Ill. 541 (61 N. E. 379) ; *Kuehle v. Zimmer*, 249 Ill. 544 (94 N. E. 957) ; *Kern v. Kern*, 293 Ill. 238 (127 N. E. 396).

Looking for the intention of the testator as expressed in the will, and construing the will, if possible, so that that intention may be carried out, as all authorities agree should be done, we have no difficulty in arriving at the conclusion that Mrs. Kirkwood took but a life estate in the property in question, with a power of disposal during her life; and that, since she did not so dispose of it, it did not become property of her estate on her death.

Our conclusion finds support in the following cases: *Podaril v. Clark*, supra; *Webb v. Webb*, supra; *Steiff v. Seibert*, 128 Iowa 746; *Spaan v. Anderson*, supra; *In re Estate of Beaty*, supra; *In re Estate of Condon*, 167 Iowa 215; *Richards v. Richards*, supra; *Olson v. Weber*, 194 Iowa 512.

The will is clearly distinguishable in its terms from those considered in the cases of *In re Will of Weien*, 139 Iowa 657; *Ironside v. Ironside*, 150 Iowa 628; *Meyer v. Weiler*, 121 Iowa 51; *Luckey v. McCray*, supra; *Law v. Douglass*, 107 Iowa 606, cited by appellant.

It follows that the evidence failed to show any right to the property in the plaintiff, as executor of the life tenant, and that the court properly directed a verdict for the defendant.

The judgment is—*Affirmed*.

STEVENS, ARTHUR, and DE GRAFF, JJ., concur.