# GREER et al. v. ANDERSON et al.—259 S. W. (2d) 550.

Middle Section.    February 27, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

508

Courtney, Covington & Courtney, of Franklin, for appellants.

Claude B. Stephenson, of Centerville, for appellees.

HICKERSON, J. ██ Appellees have filed a motion to strike the assignment of errors and brief in behalf of appellant because they were not filed within the time provided by the rules of this Court. Sickness in the family of Wirt Courtney, Jr., as stated in his affidavit, appears to the Court to be a reasonable excuse for his failure to file his assignments and supporting brief within the time required by the rules of this Court; so the motion to strike is overruled. We prefer to decide all cases on the merits and construe our rules liberally to effect such result.

W. J. Anderson died intestate in 1918 the owner of a farm of two hundred seventy acres of land located in the Thirteenth Civil District of Hickman County, Tennessee. W. J. Anderson was survived by his widow and four children who were his sole heirs at law: Mrs. Elsie Greer, Otto Anderson, Dr. P. T. Anderson, and Mrs. Alma A. Smith. Mrs. Elsie Greer and Otto Anderson bought the interests of their brother, Dr. P. T. Anderson, and their sister, Mrs. Alma A. Smith, in their father's farm. After August 15, 1929, the date of the last deed from their brother and sister, until Otto Anderson died in 1951, Mrs. Elsie Greer and Otto Anderson owned and operated this farm as equal partners, each owning a one-half undivided interest in the farm.

Otto Anderson died testate. His holographic will is here quoted in full.

"Jan 3 1930

"I, Otto Anderson, do make and publish this as my last will and testament, hereby revoking and making void all others by me at any time made.

"First, I direct that my funeral expenses and all my debts be paid as soon after my death as possible

out of any money that I may die possessed of or may first come into the hands of my executor.

"Secondly, I give and bequeath to my sister Elsie Greer, as long as she may live, and then to Fred Anderson and Mary Alma Greer.

"Lastly I do hereby nominate and appoint Mrs. Elsie Greer my executor without bond. In witness whereof, I do to this my last will set my hand, this third day of Jan., One Thousand Nine Hundred and Thirty. Signed and published in our presence and we have subscribed our names hereto in the presence of the testator, this 5th day of Jan. 1930.

"Otto Anderson

"I. B. Harris
"R. W. Anderson } Witnesses."

On June 23, 1951, the original bill was filed in this cause by Mrs. Elsie Greer, Fred Anderson Greer, and Mary Alma Greer against Dr. P. T. Anderson and Mrs. Alma Smith. Wherefore, all parties are before the court who were beneficiaries under the will of Otto Anderson, or who were the heirs at law of Otto Anderson.

The bill was filed to construe the will of Otto Anderson.

The case was first heard upon pro confesso taken against defendants. Mrs. Alma A. Smith filed a "bill of review" in the Chancery Court of Hickman County in which she made the question that the order pro confesso was prematurely taken as to her. In disposing of the bill of review the Chancellor decreed:

"Whereupon, in due time, the Court decided that a rehearing should probably be granted because of the question of the validity of the pro confesso taken against the defendants on July 16, 1951 after the defendant, Mrs. Alma A. Smith, had been served

with process on June 30, 1951, which process had been issued on June 23, 1951. To this action in deciding to rehear the cause, the complainants respectfully entered an exception.

"Whereupon the Court reheard the cause upon the entire record, the Court taking into consideration only so much and such parts of the proof as were competent as is indicated by the Court on the depositions."

Complainants have filed no assignment in this Court challenging this decree of the Chancellor; so we shall review the final decree of the Chancellor upon the merits as shown by the entire record. He semed to have treated the bill of review as a petition to rehear and sustained it.

The Chancellor decreed:

"From the entire record in the cause, and taking into consideration all the facts and surounding circumstances confronting the testator, the Court is of the opinion, and so finds, that the deceased, Otto Anderson, manifestly intended to dispose of all of his property and intended to convey to the complainant, Mrs. Elsie Greer a life estate in all of his property with remainder over to her two children, Complainants Fred Anderson Greer and Mary Alma Greer, and that such construction is the true meaning, intent, purport and construction of said will; and that the testator inadvertently omitted the subject of the bequest, the intention being clear upon any fair and reasonable interpretation, the Court will reform the second paragraph of said will by supplying and adding at the end of said paragraph the words, 'all of my property', so that said instrument will conform to the manifest intention of the testator.

"It is accordingly ordered, adjudged and decreed by the Court that said will, and specifically the second paragraph thereof, be and the same is hereby reformed so that said second paragraph will read as follows:

" 'Secondly. I give and bequeath to my sister, Elsie Greer as long as she may live and then to Fred Anderson and Mary Alma Greer, all of my property.'

"It is further ordered, adjudged and decreed, that, subject to the bona fide indebtedness of the estate of the testator, the complainant, Mrs. Elsie Greer, is the owner of a life estate in and to all of the property, both real and personal, of which said Otto Anderson died seized and possessed, and that the remainder interest in said property is vested in Fred Anderson Greer and Mary Alma Greer in equal interests.

"The costs of this cause, except all costs incident to the filing and hearing of the Bill of Review, will be paid by Mrs. Elsie Greer, as Executrix of the will of Otto Anderson, deceased, and the costs incident to said Bill of Review will be paid by Mrs. Alma A. Smith, for all of which executions may issue."

To review that decree Mrs. Alma A. Smith appealed to this Court and has assigned errors which present two questions for our determination:

1. Did the Chancellor err, "in holding competent the evidence as to the intention of the testator"?

2. Did the Chancellor err in construing the will of Otto Anderson to mean that he left all his property to Mrs. Elsie Greer for life with the remainder to her two children: Fred Anderson Greer and Mary Alma Greer?

(1) The third assignment is: "The Chancellor erred

in holding competent the evidence as to the intention of the testator.''

If appellant means by this assignment that certain questions are inadmissible, the assignment is too general. Rule 11 (3) of this Court provides that: ''When the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found.'' The evidence before us consists of thirty-seven pages covering the testimony of several witnesses. The Chancellor has noted at the conclusion of each deposition the questions which he considered incompetent and excluded such questions. In view of the foregoing rule of this Court, we would not go through the depositions; take note of the questions which had been declared incompetent; examine the remaining questions to see if they were evidence of the ''intention of the testator;'' and then determine whether or not such offered evidence was competent.

To give appellant the benefit of her assignment, we must treat it as a challenge to the admissibility of all evidence offered in this case.

In the case on trial the Chancellor properly considered evidence which would aid him in determining, ''uncertainties or ambiguities in the will as to the testator's intentions.'' The assignment relating to the admissibility of evidence is overruled for the reasons stated and upon authority of Nashville Trust Co. v. Grimes, 179 Tenn. 567, 167 S. W. (2d) 994, 996, where the Court said:

''The Chancellor looked to the language of the will, in the light of all the relative facts existing at the time of its execution, and the changes which took place before the death of the testator in his personal relations and the investment of his estate, and found

that the intention of the testator was plain; that the property passing to Gilbert Lowe was that and that only definitely designated in the will; that the testator could not possibly have intended when he made this will to include in the description 'My property on the Dickerson Road' property which he did not then own, and could not have foreseen subsequent ownership. We think the Chancellor properly followed the rule that for the purpose of construction of the language describing property devised, the will must be considered as of the time of its execution. As was well said by Chancellor Cooper (Johnson v. Johnson, 1 Tenn. Ch. 621): 'The plainest dictate of common sense would be, it seems to me, to seek the subject-matter of devise, and the object of benefit at the date of the will. And so are the authorities.' So, in 28 R. C. L., Sec. 196, it is said: 'But for purposes of construction a will must be considered in reference to the circumstances which existed at the time of its execution.' "

To like effect, this Court held in Treanor v. Treanor, 25 Tenn. App. 133, 152 S. W. (2d) 1038, 1040.

"The intention of the testator controls, in the construction or interpretation of his will (69 C. J. 52, § 1118), which is to be ascertained from the language of the will (69 C. J. 59, § 1119), every part of which must be considered in relation to every other part (Kuehle v. Zimmer, 249 Ill. 544, 94 N. E. 957; Wood v. Polk, 59 Tenn. 220, 12 Heisk. 220; Malone v. Mc-Gruder, 8 Tenn. Civ. App. 526, 8 Higgins 526, 541; Owen v. Owen, 8 Tenn. App. 246), taking into consideration the situation of the testator and the facts and circumstances surrounding him at the time the will was executed, the relations between him and his

intended beneficiaries, and the amount and nature of his estate. 69 C. J. 63, § 1120; Tapley v. Douglass, 113 Me. 392, 94 A. 486; Malone v. McGruder, 8 Tenn. Civ. App. 526, 8 Higgins 526, 541. And parol evidence is admissible, when necessary, both to place the Court in a knowledge of the condition and circumstances surrounding the testator when he executed his will, and to resolve uncertainties or ambiguities in the will as to the testator's intention. 69 C. J. 135, § 1173 pp. 136-138, § 1174; Gannaway v. Tarpley, 41 Tenn. 572, 1 Cold. 572; Bunch v. Hardy, 71 Tenn. 543, 3 Lea 543.''

(2) Did the Chancellor err in construing the will of Otto Anderson to mean that he left all his property to Mrs. Elsie Greer for life with the remainder to her two children: Fred Anderson Greer and Mary Alma Greer.

The farm in question was the old family home. Otto Anderson wanted it to stay in the family. He never married. His mother, Mrs. Elsie Anderson, and Otto Anderson and Mrs. Elsie Greer, with the two children of Mrs. Greer, lived together in this old family home from the time of the death of W. J. Anderson in 1918 until the death of his widow in 1930. Mrs. Greer and Otto took care of their mother during these twelve years. Dr. Anderson and Mrs. Smith had sold out their interests to Mrs. Greer and Otto Anderson and had moved away. Mrs. Smith and Dr. Anderson made no contribution to the support and care of their mother during these twelve years when she was a widow.

Otto Anderson was practically an invalid during all his adult life. He was not able to work. His sister, Mrs. Elsie Greer, and her husband paid most of the purchase price for the shares of Mrs. Alma A. Smith and Dr. P. T. Anderson in this farm. Mrs. Greer waited upon her

brother, Otto Anderson, during all these years. She, her her two children, and Otto Anderson continued to live together in this home place until Otto died in 1951. There was a close family relationship between these four people until Otto died. The one-half interest which Otto held in this farm was about all the property which he left.

█ In the construction of wills, "the intention of the testator is absolutely controlling so long as that intention is not in conflict with some positive rule of law." Burton v. Kinney, 191 Tenn. 1, 231 S. W. (2d) 356, 357, 19 A. L. R. (2d) 366.

█ To ascertain that intention the Court must give effect to the language used in the will in the light of all the facts and circumstances surrounding the testator at the time of its execution. Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889; Sizer's Pritchard Law of Wills and Executors, Second Edition, § 401.

█ All rules of construction are only aids or helps in ascertaining the intention of the testator. Nashville Trust Co. v. Johnson, 34 Tenn. App. 197, 236 S. W. (2d) 100.

In Sizer's Pritchard Law of Wills and Executors, Second Edition, § 395, this rule is stated:

"Words may be supplied, rejected or transposed. —Where a strict adherence to grammatical construction would frustrate the intention of the testator, or where the words used are so unintelligible, obscure or absurd that they have no place in, and can give no effect to, the testator's manifest legal intention, and there cannot be a rational construction of the words as they stand, the court may, in order to effectuate the testator's intention, transpose, reject or supply words."

■ In the first headnote in Eatherly v. Eatherly, 41 Tenn. 461, 462, the holding of the Court is thus stated:

"Power of equity to reform—Supplying omission. Courts of equity have power to reform a clause of a will by supplying an omission therein, occasioned by the inadvertence of the person who wrote the will, as where the mistake consists in the omission to state the subject of the gift, the omission being apparent upon the face of the paper without resorting to extrinsic evidence."

This does not preclude a reading of the will in the light of the circumstances surrounding the executor and its execution in order to ascertain the intent of the testator, and then apply the rule last above stated.

■ After a careful consideration of the entire matter, we think the Chancellor reached the right conclusion as set forth above. There is no doubt in our mind that the Chancellor entered the decree which correctly reflected the intention of the testator.

The assignments of error are overruled. The decree of the Chancery Court is affirmed with all costs. Remand to enforce it.

Felts and Howell, JJ., concur.