# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 22, 2016 Session

## IN RE ESTATE OF ALYS HARRIS LIPSCOMB

**Appeal from the Probate Court for Shelby County**
**No. PR-1541 Karen D. Webster, Judge**

_____

**No. W2015-02277-COA-R3-CV – Filed July 25, 2016**

_____

Appellants appeal from an order that was not final pursuant to Rule 58 of the Tennessee Rules of Civil Procedure. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which KENNY ARMSTRONG, J. and WILLIAM B. ACREE, SP.J., joined.

Robert L. J. Spence and E. Lee Whitwell , Memphis, Tennessee, for the appellant, Carnita F. Atwater.

Olen M. Bailey, Memphis, Tennessee, for the appellee, Thomas Huddleston.

## MEMORANDUM OPINION[1]

### Procedural History

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On October 7, 2014, Petitioner/Appellee Thomas C. Huddleston ("Appellee") filed a petition in the Shelby County Probate Court to admit will to probate and to grant letters of administration in the Estate of Alys Harris Lipscomb ("Decedent"). On October 16, 2014, Respondent/Appellant Carnita F. Atwater ("Appellant") filed an answer to the petition alleging that the will previously submitted had been altered or supplemented by a codicil. As such, Appellant filed a counter-petition to also admit the codicil to probate and asked that she be named the estate's personal representative. Appellant attached to her counter-petition various documents, both written and typed, that Appellant contended constituted a codicil to Decedent's will.

On October 17, 2014, the probate court signed an order admitting Decedent's will to probate and naming a personal representative for the estate. On March 25, 2015, Appellee filed an answer to the counter-petition, denying that the documents submitted by Appellant constituted a valid codicil. On October 27, 2015, the probate court signed an order denying Appellant's counter-petition to admit the purported codicils to probate. The trial court designated the order as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure. Appellant thereafter filed a notice of appeal to this court.

**Discussion**

As an initial matter, we must first discuss this Court's jurisdiction over this appeal. This Court "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." *Tennessee Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citations omitted). Our subject matter jurisdiction is limited to final judgments except where otherwise provided by procedural rule or statute. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85, 86 (Tenn. 1973)). An order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is typically not a final judgment that is appealable as of right. *See* Tenn. R. App. P. 3(a). Rule 3(a) of the Tennessee Rules of Appellate Procedure nevertheless permits parties to appeal an order that does not adjudicate all of the claims, rights, and liabilities of all parties if the trial court properly certifies its judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Rule 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other

- 2 -

> form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02. In this case, the trial court correctly certified its judgment as final pursuant to Rule 54.02.

While this appeal was pending, however, a different procedural issue came to light. Rule 58 of the Tennessee Rules of Civil Procedure provides that in order for an order to become "effective" the order must be "marked on the face by the clerk as filed for entry" and contain one of the following:

> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Tenn. R. Civ. P. 58. In this case, although the order is signed by the judge and counsel for all the parties, the order is not "marked on the face by the clerk as filed for entry." *Id.* "[A]n order that does not comply with Rule 58 'is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent.'" *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009) (quoting *Citizens Bank of Blount Cnty. v. Myers*, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992)). When a party appeals a non-final order to this Court, we do not acquire jurisdiction, as our jurisdiction is limited to final orders, except as otherwise provided by rule or statute. *Steppach*, 2009 WL 3832724, at *4 (citing *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)).

Further, nothing in Rule 54.02, allowing appeals from orders that adjudicate only some of the issues or parties involved in a case, excuses compliance with Rule 58. As this Court explained: "Inclusion of Tenn. R. Civ. P. 54.02 language . . . will not negate failure to comply with Tenn. R. Civ. P. 58 concerning the effectiveness of the final order." *Steppach*, 2009 WL 3832724, at *4. Because the order appealed is not file-stamped, it is not an "effective" final order and we have no jurisdiction to consider an appeal from such an order

under Rule 3 of the Tennessee Rules of Appellate Procedure.[2] *See* Tenn. R. App. P. 3 (involving appeals of final orders only).

Generally, this Court favors deciding cases upon their merits, rather than dismissing due to procedural defects. *See* **Greer v. Anderson**, 36 Tenn. App. 507, 509, 259 S.W.2d 550, 550 (Tenn. Ct. App. 1953) ("We prefer to decide all cases on the merits and construe our rules liberally to effect such result."). To that end, this Court informed the parties' counsel at oral argument that the order appealed was not effective pursuant to Rule 58 and directed the parties to obtain a properly file-stamped order. The next day, June 22, 2015, this Court entered an order again directing the parties to obtain entry of an effective, final order within ten days.

Thirty days have now elapsed from our June 22, 2015 order; however, the parties have failed to obtain an effective order in the trial court or supplement the record with such order on appeal. Because there is no final judgment upon which our jurisdiction can attach under Rule 3, we must dismiss this appeal for lack of subject matter jurisdiction. In the event that a further appeal is filed after the entry of a final order compliant with Rule 58, the parties may request that this Court consolidate the record of this appeal with that of the future appeal and/or to consider the duplicates of briefs filed in the present appeal in connection with the future appeal to avoid duplication of expenses.

## Conclusion

This appeal is dismissed. Costs are taxed to Appellant, Carnita F. Atwater, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[2] We note that this does not appear to be an isolated incident. The only other order contained in the record, the October 17, 2014 order admitting Decedent's will to probate, is also not marked on its face by the clerk as filed for entry.