MILES WEBB, ET AL., Appellants, v. JOSEPHINE WEBB, ET AL., Appellees.

**Wills:** LIFE ESTATE: POWER OF SALE: REMAINDER. A will bequeathing to the widow all personal property, " to have and to hold during her life and at her death whatever remains to be ·divided equally between " testator's children, creates a life estate with a limited power of disposal added as a separate gift, but upon failure to exercise the power the remainder will pass to the children upon her death.

**Trusts:** BURDEN OF PROOF: EVIDENCE. On an issue as to whether certain real estate was purchased, in whole or in part, by the widow with the proceeds of personalty bequeathed to her for life by her husband with the remainder to testator's children, the burden is upon those seeking to establish the trust. Evidence held insufficient to impress the real estate with a trust.

**Deeds:** PRESUMPTION AS TO DELIVERY: EVIDENCE. A deed duly signed, acknowledged and recorded is presumed to have been properly delivered. Evidence reviewed and held insufficient to overcome this presumption.

*Appeal from Linn District Court.*— HON. WILLIAM C. THOMPSON, Judge.

WEDNESDAY, JULY 12, 1905.

Rehearing denied Friday, April 27, 1906.

THIS is a controversy among the children and heirs at law of John W. and Elizabeth Webb, deceased, over property which it is claimed at one time belonged to the parents, and which, it is said, was not equitably disposed of. The property now involved consists of a house and lot in the town of Marion, and one hundred and fifteen acres of land in Linn county. The record title to the lot is in defendants Florence E. and Anabel Webb; to thirty-five acres of the land, in Florence E.; and to eighty acres, in Josephine, Anabel, and Florence. Plaintiffs contend that the deeds in which the mother was grantor were never delivered to the grantees therein named, that the mother was of unsound mind when they were executed, and that they were obtained through undue influence. They also allege that the mother held title to the house and town lot in trust for all the heirs, and that the conveyance to Florence and Anabel did not discharge this trust, but that they held title in trust for all the children. This claim is based upon the assumption that the lot was purchased and the house built out of personal property received from her husband, which she held in trust for the children. Various allegations of fraud and conspiracy are charged, which need not be noticed at this time. The defendants denied practically all of the allegations of the petition. The trial court denied the relief asked by the plaintiffs, and they appeal.— *Affirmed.*

*Jamison & Smyth,* for appellants.

*J. C. Davis* and *Smith & Smith,* for appellees.

DEEMER, J.— John W. Webb died in the year 1891. Before his death he made various provisions for his children,

who are the parties to this litigation, giving certain ones personal property, and others real estate, and making a will whereby he devised to his wife, Elizabeth, who survived him, " all my personal property of every kind and description, to have to hold by her during her life; and at her death the same or whatever remains to be divided between my children equally between them." There is no controversy over the disposition made by John Webb of any of his property, save the personal estate bequeathed by the will. It is said that the widow invested it, or the proceeds thereof, in the house and lot in Marion, and that it stands as so much personalty to be distributed among the heirs equally, although the house and lot were deeded by the mother, before her death, to one of the defendants. Defendants contend that the will gave the mother the personal property absolutely, and that in any event no part of this property went into the Marion house and lot. It is further contended that the deed to this property was never delivered to the grantee named therein. The claims of undue influence and of unsoundness of mind are practically abandoned, but it is stoutly insisted that none of the deeds to the defendants were ever delivered. This, in short, is the case as presented to us; and it involves, as will be observed, mixed questions of law and fact.

We shall first take up the claim to the house and lot in Marion. The claims to this are two: First, it is insisted that it was purchased from proceeds of the personal estate left by John Webb, and should for the purposes of this case be treated as personalty; for the wife, Elizabeth, held the same in trust under the will for the benefit of all the children; second, it is contended that the deed from Mrs. Webb therefor was never delivered.

The first of these propositions depends primarily on the nature of the bequest made by John W. Webb in his will. If he bequeathed the personal property absolutely to his wife, then, of course, the investment of the proceeds

thereof in the Marion property would not of itself avail plaintiffs, unless they show that Elizabeth died seised of the property. The will gave the property to the wife, Elizabeth, during her life, and provided that whatever remained at her death should go to his (testator's) children. This, of course, gave the widow implied power of disposition during her life, but it also limited her estate therein to one for life. The presumption is that the testator intended to pass his entire interest in the property to the legatee named. But he had the right to give but a life estate therein, with remainder over, if he saw fit, and also to confer upon the wife power of absolute disposition. The rule in this respect is the same, whether the property be real or personal. *Godshalk v. Akey,* 109 Mich. 350 (67 N. W. 336); *Wooster v. Cooper,* 53 N. J. Eq. 682 (33 Atl. 1050). Under our holdings the widow took but a life estate, with unlimited power of disposition added, as a separate gift; and, if she failed to exercise this power, the remainder upon her death passed to the children. *In re Proctor's Estate,* 95 Iowa, 172. There is some confusion in our holdings on this subject, but the later cases announce the rule above stated. *Law v. Douglass,* 107 Iowa, 606; *In re Stumpenhousen's Estate,* 108 Iowa, 555; *Spaan v. Anderson,* 115 Iowa, 121. So that the will gave the widow but a life estate, with power of disposition added, and all property left undisposed of at the time of her death passed to the remaindermen.

1. WILLS: life estate; power of sale; remainder.

Appellees seem to concede that if part of this personalty, or the proceeds thereof, was invested in the house and lot in Marion, it is impressed with a trust for the benefit of all of the children, to the amount of such investments; but they deny that any of the property or money was so invested. This is purely a fact question, with the burden upon appellants of showing that there was an investment of the personalty, or some part thereof, therein, and, if but a part, the exact amount so in-

2. TRUSTS: burden of proof: evidence.

vested.  The widow paid $500 for the Marion lot, and built a house thereon costing something like $1,500.  She purchased the lot in the year 1892, and the house was constructed during the same year.  The money for the property was actually paid by the mother, Elizabeth; but defendants say that it came from rents for land owned by them, and through various channels, entirely distinct from the personalty of their father.  After a careful reading of the evidence, we are constrained to hold that plaintiffs have failed to show that the money used to pay for the house and lot came from the personal estate of John W. Webb.  Surely it did not all come from that source, for there is no doubt that he had no such sum as $2,000 after his debts were paid by his executor.  As it did not all come from that source, plaintiffs were required to show what part, if any, of it came in that way.  Defendants are not trustees, and are not compelled, of course, to make a full and accurate accounting.  But for the fact that they now hold a deed to the property, they would be equally interested with the plaintiff's as beneficiaries, and the duty of a trustee to make a full, fair, and accurate accounting does not fall upon them.  Plaintiffs have failed to show such an investment of the personal estate of John W. Webb, deceased, in the Marion property, as to create a trust therein.

II.  On December 6, 1900, the mother, Elizabeth, deeded the house and lot in Marion to Florence and Anna Webb, defendants herein, and made the other conveyances to which 3. DEEDS: presumption as to delivery. we have referred.  These deeds were duly signed and acknowledged before a notary public.  After their execution the notary was permitted to take them, at his request, in order that he might rule them with red ink, as is sometimes done.  On the next day one of the defendants called at the notary's office and secured the deeds from him.  These she held until after her mother's death, when they were taken by another of the defendants (Anna) to the county recorder's office and recorded June 23, 1902.

Josephine, the daughter who received the deeds from the notary, kept them in her possession, for herself and her sisters, until delivered to Anna for recordation.

Each and all the grantees in these deeds knew that they had been executed by the mother, and consented to Josephine's holding them. In two pieces of the property covered by the deeds, Josephine was not personally interested. The consideration for each of the conveyances was love and affection. The grantor declared that she wanted the notary to draw the deeds, and afterward said that she had deeded the property to her daughters, the defendants herein. As the deeds were duly signed, acknowledged, and recorded, the presumption is that they were properly delivered. *Hutton v. Smith,* 88 Iowa, 238; *Hall v. Cardell,* 111 Iowa, 206; *Luckhart v. Luckhart,* 120 Iowa, 248.

This presumption has not been overcome by any testimony on the part of plaintiffs and appellants. Aside from this, however, there was a delivery to Josephine, who held the same not only for herself, but for the other grantees, with their knowledge and consent. This was, in law, a delivery to all. *Mercer v. Mercer,* 29 Iowa, 557; *Cecil v. Beaver,* 28 Iowa, 241; *Hannah v. Swarner,* 8 Watts, 9 (34 Am. Dec. 442); *Turner v. Whidden,* 22 Me. 121.

These propositions are so elementary as hardly to require the citation of authorities. It is true that the grantor remained in the possession of the property until her death, but this is not controlling on the question of delivery. *White v. Watts,* 118 Iowa, 549; *Lippold v. Lippold,* 112 Iowa, 134.

There is no evidence that the grantor intended these instruments to be testamentary in character. Her evident intent, according to the testimony, was to pass a present estate, subject perhaps to a life interest in herself. She parted absolutely with all control over the instruments, and there is no evidence to show that delivery or operation should be postponed until her death. Time of enjoyment was alone

deferred. See White v. Watts, *supra*. The grantor insured some of the property in her own name, and leased part of it after the deeds were executed, but this does not negative the direct testimony as to the delivery of the deeds. As the holder of a life estate, she might do any or all of these things.

III. As already intimated, the issues of mental incapacity and undue influence are out of the case.

The other propositions being found in defendant's favor, the decree dismissing plaintiffs' petition should be, and it is, *affirmed*.