JOHN E. KIERULFF ET AL., Plaintiffs and Appellees, v. SARAH HARLAN ET AL., Defendants and Appellees, THOMAS MUSSELMAN, Defendant and Appellant.

**Wills:** CONSTRUCTION: LIFE ESTATE. A will bequeathing the exclusive control of testator's property to his widow to have and use for herself and the support of his minor children, with power, during widowhood, to sell as she may deem for their best interest, and at her death the remaining property to be equally divided among 'testator's living children, with the exception of a designated child who was excluded from participation, and in case of her remarriage she to have one-third of the remaining unconsumed estate, the balance to be so divided among the children, is held to convey a life estate only with power of sale.

**Same:** ELECTION BY WIDOW: EVIDENCE. Where, as in this case, there was no evidence that the widow elected to take under the provisions of the will in lieu of dower, or that a notice requiring her election was served, or any evidence that she knew the provisions of the will, her right to a distributive share in the estate was not barred.

*Appeal from Clarke District Court.—*Hon. H. K. Evans, Judge.

Tuesday, April 4, 1911.

Action of partition. The appellant, Thomas Musselman, was named as one of the defendants therein and was served by publication only. He was at that time a minor, about fifteen years of age, and a resident of Nebraska. The plaintiffs in the case were the conceded owners of three-eighths of the land. The other shares were owned one-eighth each by five of the defendants. The ownership of only one share was in question, and that question was whether it belonged to defendant Thomas Musselman or to Elizabeth Harlan, who was also a defendant in the case. This question depended upon the proper construction of a will under which the parties acquired the title. At the original trial Elizabeth Harlan defaulted. Neither did the guardian of the appellant, Thomas Musselman, appear for him; and a guardian *ad litem* for him was appointed by the court in legal manner and form. Under the construction of the will adopted by the court, Elizabeth Harlan was found to own a one-eighth interest, and appellant, Thomas Musselman, was found to have no interest. The decree to this effect was duly entered on May 11, 1906; an answer having been previously filed by the guardian *ad litem* of the appellant. In pursuance of such decree, further proceedings were had resulting in the sale of the property and in the distribution of the fund in accordance with the decree.

On January 30, 1908, a motion was filed in the case, purporting to be filed by the appellant and signed by his purported attorneys. This motion asked that the decree be set aside, and that the case be opened up for trial, on the ground that the said defendant had been served by publication only, and had not appeared. At the same time an answer was filed in like manner. This purported to be on behalf of said defendant and was signed by his purported attorneys. No guardian appeared for him nor next friend, nor did he appear in person so far as the record shows. On December 12, 1908, the court appointed one of the purported attorneys for the minor as his guardian *ad litem,* and as such he represented the minor in the further litigation. The plaintiffs appeared in the case and filed certain objections to the motion and answer of the minor defendant. We learn from the argument that these objections raised the question whether the minor defendant, who had been represented by a guardian *ad litem* in the original trial, could be deemed in default and whether he could avail himself of the provisions of Code, sections 3794-3796; and if yea whether he had appeared, in a legal sense, within two years after the entry of the final decree. These objections, however, are not set forth in the abstract. It appears also from the abstract that the plaintiffs filed a reply, subject to the ruling of the court upon the objections. The defendant Elizabeth Harlan appeared and filed a pleading, wherein she adopted the objections filed by the plaintiffs by mere reference thereto, and without specifying any of them, and wherein she also adopted the reply filed by plaintiffs. Whether the objections thus referred to were ever ruled on does not appear, except inferentially.

The court heard the case upon its merits and rendered a decree on the merits against the minor defendant and in favor of Elizabeth Harlan. The only inference we can draw from the record is that the court was not asked to

rule upon the objections and that they were thereby waived. From the decree rendered against him on the merits, the minor defendant has appealed.—*Modified* and *affirmed.*

*Temple & Temple,* for appellant.

*W. B. Tallman,* for appellees.

Evans, J.—(1) Appellee urges upon our attention the objections filed in the lower court and which are referred to in the foregoing statement. From what is there indicated as to the state of the record, we do not think she is in any position to be heard on the same, and we do not pass upon questions thus raised.

(2) The case was heard upon a stipulation of facts. John Musselman died testate in 1887. He left a will which was duly admitted to probate. It contained the following clauses:

First. I give and bequeath to my beloved wife, Sarah Musselman, the full and exclusive control of all my personal and real property of which I may die seised, to have and use for herself and the support of my minor children, with full power and authority to sell any of the property, personal or real at any time that she may think best, with full power to sell and convey any of my real estate by good and sufficient deed in fee simple, when she may consider it best so to do for her comfort and the best interest of my children, and the use and control of all my property as before given with the power and authority vested, shall continue in my said wife so long as she remains my widow; and at the decease of my said wife, I direct that all the property, both real and personal, that may remain undisposed of and not consumed in the support of her ·and the children, shall be equally divided among my children that may be living at that time, with this exception, that I will and direct that my son Samuel G. Musselman, shall have of my estate the sum of five dollars only, my reason for so limiting his amount is on account of unkind treatment to me by him and. his wife.

Second. In case of the marriage of my said wife, then I direct that she take one-third of all my estate that may be and remain unconsumed at that time, and the remainder I direct to be divided among my children as hereinbefore directed.

He left surviving him his widow, Sarah, and ten children. Of these ten children two were by a former marriage, viz., Samuel G. and Elizabeth Harlan, and the other eight were the children of the later marriage by himself and Sarah. After the death of the testator, his widow occupied the premises under the provisions of the will for nineteen years and died in 1906, leaving surviving her seven children by the testator. One son, William, died before her, leaving as his only heir at law the minor defendant Thomas.

I. It is the appellant's contention that under the will of the testator the surviving widow took a fee. If so, then at her death the property would pass to her heirs, viz., her seven surviving children and the minor defendant, as sole heir of his deceased father. On the other hand, it is contended by appellees that the widow took only a life estate under the will, and that at her death the property passed by the terms of the will to the eight children of the testator then living, excluding the son Samuel. These eight children included Elizabeth Harlan, a daughter of the first marriage. It will be seen that the rights of the seven living children, other than Elizabeth, remain the same whichever view is adopted. The controversy, therefore, is one solely with Elizabeth, on the one hand, and the grandson, Thomas, on the other. We reach the conclusion that the will in question gave the widow a life estate with power of sale, and nothing more. The case comes well within our former holdings in that respect. See *In re Proctor,* 95 Iowa, 172; *Wenger v. Thompson,* 128 Iowa, 750; *Webb v. Webb;* 130 Iowa, 457; *Scott v. Scott,* 132 Iowa, 35;

1. WILLS: construction: life estate.

*Baldwin v. Morford,* 117 Iowa, 72; *Podaril v. Clark,* 118 Iowa, 264; *Spaan v. Anderson,* 115 Iowa, 121; *Archer v. Barnes,* 149 Iowa, 658.

We think, also, that the remainder over after the death of the wife was clearly devised to such children of the testator as should survive his widow, excluding Samuel. No title of any part of the property ever vested, therefore, in William, the father of appellant. *Iimas v. Neidt,* 101 Iowa, 348; *Jordan v. Woodin,* 93 Iowa, 453.

II.   The next question is whether the surviving widow of testator was entitled to a distributive share of the property.   If yea, then the appellant inherited one-eighth of such distributive share.   It is contended by appellee that the provisions of the will are inconsistent with dower, and that therefore the widow could not take both.   This question is close, and we find no occasion to pass upon it for the purpose of this case.   We may assume the correctness of appellees' contention at this point.   Provisions in a will inconsistent with dower are not sufficient of themselves to bar the widow's right.   It still remains with her to elect whether she will accept such provisions.   At the time of the probate of the will, the method of her election was prescribed by section 2452 of the Code of 1873.   Since 1897 such method has been prescribed by section 3376 of the present Code.   It does not appear in this case that any election was ever made by the widow, nor does it appear that any notice was ever served upon her.   There was therefore no election on her part, within the meaning of either of the above sections.   The appellee pleaded an estoppel, but no facts appear in the agreed statement which constitute an estoppel.   It does not even appear that the widow knew the provisions of the will.   We see no escape from the conclusion that nothing appears in this record which can constitute a bar to the right of the surviving widow to her distributive share.   *Byerly . v. Sherman,* 126 Iowa,

2. SAME:
election by
widow:
evidence.

447; *Bailey v. Hughes,* 115 Iowa, 304. The result of this ·conclusion is that the appellant is entitled ·to one-eighth of one-third of the property in question, and the appellee; Elizabeth, is entitled to one-eighth of two-thirds thereof.

III. It appears from the record that the property was sold in pursuance of the former decree at referee sale. Appellant does not claim the right to interfere with · the title conveyed by such sale. It is agreed that Elizabeth Harlan received the one-eighth share of all the proceeds. The appellant is entitled to recover from her the one-third of such proceeds. To this extent the decree entered below will be modified, and the case will be remanded for further action of the trial court in harmony herewith.

*Modified* and *remanded.*