E. L. NELSON, Trustee, Appellant, v. MINNIE MAY HORSFORD, Appellee.

WILLS: Life Estates—Accounting by Life Tenant. A life tenant with testamentary power to *encroach* upon the principal, with remainder over, may be compelled to make full disclosure to a trustee in bankruptcy of a possible remainderman of the property *received* by her under the will (the probate records not revealing such fact), but may not be compelled to account to such trustee as to her *use* of the property, in the absence of any allegation and proof of waste, fraud, or improper use or disposal.

Headnote 1:  21 C. J. p. 968 (Anno.)

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

APRIL 6, 1926.

ACTION in equity by the trustee in bankruptcy of one entitled to a remainder after a life estate, for an accounting by the life tenant. A demurrer to the petition was sustained, and the plaintiff appeals.—*Reversed and remanded.*

*Rayburn & Rayburn,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

VERMILION, J.—The petition alleged, in substance, that the plaintiff is the trustee in bankruptcy of the estate of Fannie H. Hoover, who had been duly adjudged a bankrupt; that Fannie H. Hoover was the daughter of J. G. Horsford, deceased; that, by the will of J. G. Horsford, which had been duly admitted to probate, the defendant, Minnie May Horsford, was named as executrix; and that she qualified as such. A copy of the will was made a part of the petition. The fourth and fifth paragraphs of the will are as follows:

"Fourth: All the rest, residue and remainder of my estate, real personal and mixed, wheresoever situate, of which I may die seized or possessed, I give, devise and bequeath to my beloved wife, Minnie May Horsford, now of Mitchellville, Iowa, to use and enjoy the same absolutely during her lifetime and so long as she shall remain my widow; and so much of my

said estate as shall remain at the decease of my said wife, I devise and bequeath to my two daughters Charlotte Horsford and Fannie Hoover, share and share alike, in event of the decease of my daughter Fannie Hoover, prior to that of my wife I hereby will and direct that the share which would otherwise go to Fannie Hoover, shall be equally divided between the children of her body.

"Fifth: In the event of the remarriage of my said wife, I will and direct, that so much of my said estate as shall remain, at the date of said remarriage, shall be equally divided between my wife and two daughters, absolutely and forever, share and share alike."

The will appointed the defendant executrix, without bond. It is further alleged in the petition that the defendant has made final report, and been discharged as executrix; that, after the payment of specific legacies provided for in the will, the defendant took over and has in her possession all the remainder of the estate of J. G. Horsford, but that the probate records of the estate do not disclose what property came into the hands of the defendant as life tenant; that the interest of Fannie H. Hoover in the estate of J. G. Horsford is a vested interest, and passed to the plaintiff, as such trustee; that no property of such bankrupt's came into his hands as trustee; and that there are claims filed against such bankrupt's estate, and he knows of no other property of the bankrupt's except her interest in the estate of Horsford which is now in the possession of the defendant.

The prayer is for an accounting by the defendant as to all moneys and property received by her in the estate of J. G. Horsford, and a full disclosure as to the money and property now in her possession as life tenant which were derived directly or indirectly from such estate.

A demurrer to the petition was sustained, and, plaintiff electing to stand on the ruling, the petition was dismissed.

The appellee does not controvert the propositions that Fannie H. Hoover took a vested remainder under the will, subject to a divesting contingency, and that the remainder

passed to the plaintiff, her trustee in bankruptcy. The contention of appellee is stated to be:

"That the defendant, holding, as she does, the property under specific provision of the will of her husband, and in the absence of any question of waste, irregularity, or improvidence, is not obligated to account to the trustee in bankruptcy of a vested remainderman."

It is argued on behalf of appellee that the will gives her a life estate, with a right of encroachment on the principal. This appears to be conceded by the appellant,—at least, we do not find it urged on his behalf that she had no such right. That there may be attached to a life estate a general or limited right in the life tenant to dispose of all or a part of the property is well settled. *In re Estate of Proctor*, 95 Iowa 172; *Spaan v. Anderson*, 115 Iowa 121; *Webb v. Webb*, 130 Iowa 457; *Hamilton v. Hamilton*, 140 Iowa 282; *Paxton v. Paxton*, 141 Iowa 96; *Kierulff v. Harlan*, 150 Iowa 671; *In re Estate of Beaty*, 172 Iowa 714; *Olson v. Weber*, 194 Iowa 512; *Iowa City State Bank v. Pritchard*, 199 Iowa 676.

We do not find it necessary to determine either whether the life tenant has, under the will, the right to encroach upon the principal, or, if she has that right, the precise extent of it,—that is, whether it is an absolute and unlimited right to dispose of the property of the estate, or a mere right to use the principal for her support. The appellee's sole contention in support of the ruling on the demurrer is that, because of the right given to her by the will to encroach upon the principal of the life estate, she may not in any manner be required to account to the remainderman.

But, assuming that the appellee has a right, whether absolute or limited, to encroach upon the principal, that fact, we think, is not conclusive upon the question of appellant's right to relief, under the allegations of the petition. It is conceded, as has been said, that a vested remainder, subject to divesting contingencies, was given to Fannie H. Hoover, and passed to appellant. If it should be conceded that the appellee has the broadest possible rights of use, enjoyment, and disposal of the property consistent with the existence in her of a mere life

estate, still it would not necessarily follow that appellant was entitled to no relief whatever.

The demurrer admits that the appellee received the estate from herself as executrix, and holds it under the terms of the will, and that the records of her administration and disposition of the estate to herself do not disclose the amount so received. The prayer of the petition asks, among other things, that the defendant be required to make full accounting as to all moneys and property received by her in the estate of Horsford. To require her to account to this extent is not an interference with her right under the will to the use and enjoyment of the estate as life tenant, or whatever right she may have to encroach upon the principal. It is no interference with the trust reposed in her by the testator in bestowing upon her the right to the use and enjoyment of the property during her life or widowhood. It is no more than the disclosure she was required by law to make, as executrix. As the recipient of the estate from herself as executrix, she cannot take shelter behind her own failure as executrix to make the reports required of her. We see no reason why, under the allegations of the petition, to this extent the appellant, representing creditors of the remainderman, was not entitled to the relief prayed; nor do we think the authorities cited by appellee are authority for its denial.

In *Welsh's Estate*, 239 Pa. St. 616 (86 Atl. 1091), and *Seaward v. Davis*, 198 N. Y. 415 (91 N. E. 1107), cited by appellee, there was involved an effort by, or on behalf of, the remainderman, after the death of a life tenant with unrestricted and absolute power of disposal, to require of the estate of the life tenant an accounting of the latter's use or disposition of the life estate; and it was held that the burden was not upon the estate of the life tenant, to show that the right of disposal had been exercised, but upon the plaintiff, to show that property of the life estate passed into the hands of the executor of the life tenant. This is, obviously, a very different question from the right of the remainderman to have an accounting, in the sense of a disclosure of the amount received by the life tenant.

The question of a right to require the life tenant to give

security for the estate received is not raised by the petition, and is not before us.

In *Trustees Presbyterian Church v. Mize,* 181 Ky. 567 (205 S. W. 674, 2 A. L. R. 1237), which was an action to construe a will and to require the defendant to file an inventory of all property coming into his hands as executor and life tenant under the will, and where it was held that the life tenant had a right to encroach upon the principal, if necessary for his support, and that he could not be required to execute a bond before going into possession of the property, it was, nevertheless, held that the petition was improperly dismissed, for the reason that the defendant was not excused from reporting the property which came into his hands and making settlement with the proper authorities.

See, also, *Westcott v. Cady,* 5 Johns. Ch. (N. Y.) 334 (9 Am. Dec. 306), and *Howell v. Howell,* 38 N. C. 522.

In the absence of any allegation of waste, improvidence, or fraud on the part of the appellee, or that she has used or disposed of the property of the life estate otherwise than as authorized by the will, we are of the opinion that appellant is not entitled to an accounting of her use thereof. Such right as the will gives appellee she may exercise without interference from the remainderman, and it is not alleged that she has done aught that the will did not give her the right to do. *Scott v. Scott,* 137 Iowa 239; *Hamilton v. Hamilton,* 149 Iowa 321; *Estate of Garrity,* 108 Cal. 463 (38 Pac. 628).

We hold that, under the allegations of the petition, which were admitted by the demurrer, the plaintiff was entitled to an accounting in the sense of a full disclosure of the property of the life estate received by the defendant, but not to an accounting of the use or disposition which she may have made thereof.

It follows that the demurrer was improperly sustained. The judgment is reversed, and the cause remanded.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.