## IN RE ESTATE OF WILLIAM T. COOKSEY.

**WILLS:** Construction—Life Estate with Power of Disposal. A devise of property to a wife ''for * * * life with power to dispose of and pass clear title to * * * said property during her lifetime, if she so elects,'' with remainder over, does not create an estate in fee, but

creates a life estate, with *unqualified* power in the wife, during her lifetime, to *dispose* of said property for *any* purpose, even without receiving *value* therefor. (See Book of Anno., Vol. 1, Sec. 11846, Anno. 340 *et seq.*)

STEVENS, J., dissents.

Headnote 1:   40 Cyc. pp. 1626, 1630, 1830.

Headnote 1:   1 L. R. A. (N. S.) 782; 6 L. R. A. (N. S.) 1186; 39 L. R. A. (N. S.) 805; 28 R. C. L. 238.

*Appeal from Montgomery District Court.*—EARL PETERS, Judge.

APRIL 9, 1926.

REHEARING DENIED APRIL 7, 1927.

Application in probate for an order requiring the trustee of the estate of a testator to turn over to certain persons property disposed of by the widow of the testator, who claims the right to do so under the terms of the will of the testator. From a ruling denying the order prayed for, this appeal is prosecuted. —*Reversed and remanded.*

*Kimball, Peterson, Smith & Peterson,* for Emma Cooksey Long, Elizabeth Davis, and David Cooksey, appellants.

*Paul V. Wilson,* for Lucinda Cooksey, appellant.

*Hysham & Billings,* for Charles T. Schenck, appellee.

*Paul W. Richards,* for Geraldine Long, Henrietta Long, and Gloria Long, appellees.

FAVILLE, J.—I. The testator, William T. Cooksey, died April 11, 1920. His will was dated November 29, 1915, and was duly admitted to probate. Due administration was had upon said estate. The assets of the estate were placed in the hands of the trustee named in said will. By the terms of his will, the testator provided for the payments of debts and funeral expenses, and Item II of said will is as follows:-

"Subject to the foregoing provisions, I will, devise and bequeath to my beloved wife, Lucinda Cooksey, all my property, real, personal and mixed, for the term of her natural life, with

the power to dispose of and pass clear title to any or all of said property during her lifetime, if she so elects, and the rest, residue and remainder of said property not disposed of by my said wife during her lifetime, I will, shall be disposed of as follows: * * *"

Following said Item II are a number of items making disposition of the remainder of said estate to the children and grandchildren of the testator. The case revolves upon the proper construction to be placed on said Item II of said will.

On or about the 20th day of March, 1924, the widow of said testator executed an instrument by which she undertook to dispose of and pass clear title to all of the property belonging to the estate of the said testator. The said instrument recited that the disposition of said property was made by the said widow in accordance with the provisions of Item II of the will of the said testator. The disposition under the terms of the said instrument was to some extent to the same beneficiaries named in the will of the testator, but did not coincide with it.

Three possible constructions of Item II of the will suggest themselves. First, does the instrument convey a full fee-simple title to the widow? Second, does the will create a life estate in the widow, with power of disposal during her lifetime for her use and needs, and for such purposes only? Third, does the will create a life estate in the widow, with power of disposal by her during her lifetime as she may elect, with remainder over only as to such portion as the widow may not so dispose of during her lifetime?

The question as to whether a provision of a will creates a fee simple, or a life estate with power of disposal, is sometimes a difficult one to determine, under the peculiar phraseology of the instrument under investigation. The question may arise during the lifetime of the beneficiary, as in the instant case; but it arises more frequently after the death of the beneficiary, in a contest between remaindermen under the will and the heirs of the beneficiary, who claim that the latter took in fee simple.

There is some apparent conflict in our early decisions; but the later cases recognize the distinction between an estate for life with such power of disposal as raises it to a fee simple, and an estate for life with power of disposal and remainder over as to the residue of which no disposition is made.

In the construction of all such instruments, it is fundamental and elementary that the intent of the testator, as expressed in the entire written instrument, is controlling. Did the testator, in the case at bar, intend to, and did he, create a fee-simple estate in the widow?

The testator expressly provided in terms that the property was devised and bequeathed to the widow "for the term of her natural life." He then expressly gave her the power to dispose of and pass clear title to any or all of said property during her lifetime "if she so elects." Provision is then made for. disposition of the property not so disposed of by the widow during her lifetime, to certain remaindermen.

In *Iowa City St. Bank v. Pritchard,* 199 Iowa 676, we said:

"A testator may give but a life estate in property, with a right of disposal in the life tenant, and may himself by his will dispose of so much of the property as shall remain at the death of the life tenant; and the giving of an unlimited right of disposal during the life of the life tenant does not convert a bequest of a life estate into an absolute gift of the entire estate, or an estate in fee. *Spaan v. Anderson,* 115 Iowa 121; *Podaril v. Clark,* 118 Iowa 264; *Simpkins v. Bales,* 123 Iowa 62; *Webb v. Webb,* 130 Iowa 457; *Richards v. Richards,* 155 Iowa 394; *In re Estate of Beaty,* 172 Iowa 714; *Hiller v. Herrick,* 189 Iowa 668."

In the instant case, the testator gave a life estate in this property to his widow, with the power of disposal in the life tenant during her lifetime, as she might elect, and provided for the devolution of so much of the property as might remain at the death of the life tenant. This power of disposal during the life of the life tenant did not, under the terms of the entire will, convert the bequest of the life estate into an absolute gift of the estate in fee. See cases cited in the *Pritchard* case, supra. Such was not the evident intent of the testator, as gathered from the instrument as a whole. Had the life tenant died without making disposition of the estate during her lifetime, so much of the same as remained at her death would pass to the remaindermen named in the testator's will, under the terms and provisions of said will. Not being an estate in fee, it would not pass to the heirs of the life tenant.

We hold at this point that, under the terms and provisions

of this will, the widow did not take an estate in fee in the property of the testator. See *Iowa City St. Bank v. Pritchard*, supra, and cases cited therein.

II.   There is another line of cases of a somewhat similar character, where the bequest is to a life tenant, with certain powers of disposal for definite purposes specified in the will, and with remainder over as to the residue not disposed of. A case of this character is *Hamilton v. Hamilton*, 140 Iowa 282; 149 Iowa 321. The provision of the will in said case was a bequest to the husband of the testatrix of all of her property "to have and to hold unto my said husband during his life with power to sell, transfer and dispose of the same or as much thereof as may from time to time be needed for his support and maintenance during his said lifetime," and provision is made for the disposition of the portion of said estate remaining undisposed of at the death of the husband. We held that, under the terms of said will, the life tenant could sell and transfer the property only as provided by the will,—namely, so much thereof as might "be needed for his support and maintenance during his said lifetime,"—and that the power conferred in the will gave the beneficiary no license to sell the property and dispose of the proceeds merely to defeat the remaindermen.

There is nothing in the terms and provisions of the will in the instant case that places a limitation upon the power of disposal by the widow, that the same shall be for her support or use and benefit, or for any other specific purpose. Nor is any such purpose or intent on the part of the testator to be gathered from the will in its entirety. Had the testator seen fit to provide that the widow, as life tenant, should have power to sell the property for her care and support, or for her individual use and benefit, or for some specific purpose, then such limitation on the power of disposal would be binding and effective. But the will contains no such provision whatever. It is broad and comprehensive in its terms. It gives the widow unlimited power to dispose of said real estate and to pass "clear title" thereto "*if* she so elects." The power is in no way commensurate with her needs, nor is it in any way limited to a sale of the property by which the purchase price might be substituted in lieu of the property itself. The will does not limit her to a sale of the property, but gives her the broader power to "dispose" of it, if

she so elects. This would include a gift. There is no limitation that her power of disposal shall be by sale or exchange or substitution, but the broad and unlimited power is given, to dispose of it "as she elects" and "to pass clear title" by so doing. The case does not fall within the category of those cases where a life estate is created, with a limited power of disposal during the life of the life tenant, for the "support" or "use" of the life tenant, or where there are other limitations with regard to the proceeds that may be derived from the disposal of the property. There are cases where it is apparent from the entire will that the intent of the testator was to create a life estate, with a power of disposal for a limited purpose; and when such intent is evidenced, the will should be so construed, and the power of disposal will be confined to the intent of the testator, as evidenced by the will. But in the instant case, there was no such limited power of disposal; and the widow, as life tenant, was not required, under the terms of this will, to dispose of the property only for her "use and benefit;" nor was there any requirement that she must receive other property therefor, which would pass at her death to the remaindermen. There are no such limitations in the will, and we cannot incorporate them therein by judicial construction.

We therefore hold that the will in question did not create a life estate in the life tenant, with limited power of disposal by the life tenant during her lifetime, for certain specific purposes.

III. Another line of decisions involves cases where the life tenant is given a broad power of disposal, but provision is made for the devolution of the residue remaining at the death of the life tenant.

In *Spaan v. Anderson,* 115 Iowa 121, the will provided as follows:

"I give, devise, and bequeath to my wife, Nellie Spaan, all my property, both real and personal, during her natural life; and I hereby authorize and empower the said Nellie Spaan to sell and convey any of said property as she may think best. Third. After the death of my said wife, I give, devise, and bequeath all the property remaining at her death to my four sons * * *"

We said:

"We think there is no doubt that, under the will of John

Spaan, his widow took a life estate only, with the additional general power of disposal of the entire estate, and that his sons became vested with a contingent remainder in any portion of the estate remaining undisposed of at the time of the widow's death.   This is not a case where the power of disposal determines the extent of the interest devised.''

In *Wenger v. Thompson*, 128 Iowa 750, we said:

''Note the provisions of the will: 'I give and bequeath to my wife * * * all real estate described as follows: * * * Also all my personal property *. * * for her own use, and for the maintenance and education of my children during her natural life, and after her death all of said property, both real and personal, then remaining in her possession, or the proceeds of said property, to be equally divided,' etc.   That this amounted to a gift,—whether of the fee or of an estate for life is immaterial,—with full and unlimited power of disposal, at her discretion, seems too plain for argument; and this, especially when construed in connection with the last clause of the will. * * * Authority to convey being shown, we must hold that the deed carried the title.''

So in the case at bar, the question at this point is the extent of the power of disposal on the part of the life tenant.   Her grantees are seeking to compel the trustee to deliver to them the property which has been transferred to them by the widow, under the power of this will.   Since she has the authority, under the will, to dispose of the property as she may elect, they are clearly entitled to an order requiring the trustee to deliver it to them.

In *Ironside v. Ironside*, 150 Iowa 628, we said:

''According to Black's Law Dictionary (2d Ed.), the word 'dispose' is called 'a word of large extent,' and the power to dispose is equivalent to 'the power to alienate or direct the ownership of property.'   In a will, the absolute power of disposal of property described, without limitation, imports a fee-simple title in the person to whom such absolute power of disposal is given. * * * If the power of disposal of property in which the widow is given a life estate is conferred upon her, with remainder over to others in such portion of the property as may not be disposed of at her death, then, as we have frequently held, the life estate is not enlarged into a fee, but the remainder

over is valid in such property as she may not have thus disposed of.''

In *Webb v. Webb,* 130 Iowa 457, we said:

''Under our holdings, the widow took but a life estate, with unlimited power of disposition added as a separate gift; and, if she failed to exercise this power, the remainder, upon her death, passed to the children. *In re Proctor's Estate,* 95 Iowa 172. There is some confusion in our holdings on this subject, but the later cases announce the rule above stated.''

In *Olson v. Weber,* 194 Iowa 512, the provision of the will was as follows:

''I will, devise and bequeath unto my wife * * * all the property, real, personal and mixed, of which I may die seized or be entitled to at my death, to have and to hold for and during her natural lifetime; with full power, however, to my said wife to sell and convey any or all of my said estate, real or personal, as she may see fit, and use the proceeds thereof as she may see fit, but it is further my will that my said estate or whatever part thereof that remains undisposed of by my said wife at her death, shall go to and be held by Emma B. Taylor, wife of James A. Taylor, now residing at Averyville, in the said county of Peoria, for and during her natural lifetime, and at her death to be divided equally between the children of said Emma B. Taylor.''

We said:

''We find no language used by the testator that enlarges the life estate in the widow, except that it creates and gives to her a power of sale, with a limitation over of what remains undisposed of by her during her life. Such a gift of property creates a life estate in the first taker and a vested remainder in the remainderman. Such a provision does not purport to give the first taker absolute ownership. *Steiff v. Seibert,* 128 Iowa 746. It may not be questioned that a testator may grant a life estate and add thereto a general power of disposal of a part or all of the estate without in any manner changing the devise to a fee. *Spaan v. Anderson,* 115 Iowa 121.''

We held that the proceeds of the estate not disposed of, remaining in the hands of the widow at the time of her decease, passed to the remainderman named in the will. No such situation confronts us in the instant case.

At this point we hold that the will creates a life estate in

the widow, with power of disposal during her lifetime as she may elect, and that, she having exercised such power, her grantees are entitled to a delivery of the property of the estate of said decedent so transferred to them by the widow.

IV. It is appellees' contention, however, that the transfer by the widow cannot be sustained, under the will, because the widow did not receive the value of the property transferred. The argument is that, if the widow has the power of disposal under this will, without receiving adequate value for the property so disposed of, she, in effect, is vested by the will with a fee-simple title, and can dispose of the property by gift and pass good title thereto if she so desires.

As we have seen, the terms of the will did not vest a fee-simple title in the widow. She took a life estate, with the power of disposal. If she did *not* make disposal during her life, the property passed, under the will, to the remaindermen, as provided in said will. But, as we have seen, there was no limitation upon the power of disposal on the part of the life tenant "as she might elect." The clear and evident purpose of the testator, as gathered from the entire instrument, was to create a life estate in the wife, and then put it in her power, if she saw fit so to do, to dispose of the said property during her lifetime, in such manner as she might elect. It is then provided by the terms of the will that, if the widow does not so elect to dispose of the property, it shall pass, upon her death, to certain designated beneficiaries. If the widow did not exercise the power of disposal during her lifetime, then, since she did not have a fee title to the property, it would pass to the remaindermen, under the terms and provisions of the will. The testator evidently had unbounded confidence in his widow to properly handle the estate so placed in her hands. The disposition which she proposes to make of said property, and which is involved in this litigation, is quite consistent with the general purpose of the testator in making the disposition which would follow under the will, had she died without making such disposition of the property during her lifetime.

If we give full force and effect to the terms and provisions of the will, it must be held that the widow was given an unqualified power of disposal, at her election, provided that the same was exercised during her lifetime. She was not required

to receive value for the property, or to substitute other property for that disposed of. The power is one to dispose of the property "as she may elect." This power she has duly exercised during her lifetime. Such disposition is valid, under the terms of the will, and must be carried out. The relief sought by appellants should have been granted by the trial court.

We find no such conduct on the part of the widow in acquiescing in the appointment of a trustee or in his taking possession of the property as bars her right to make disposal of the same, as in any way interferes with the rights of appellants to the order prayed, as against the trustee. It therefore follows that the decree of the district court must be, and the same is, reversed, and the cause is remanded for an order consistent with this opinion.

It is so ordered.—*Reversed and remanded.*

DE GRAFF, C. J., and EVANS, VERMILION, ALBERT, and MORLING, JJ., concur.

STEVENS, J., dissents.