IN RE ESTATE OF JOSEPHINE WORMAN.

R. J. KREMER, Trustee, Appellee, v. J. N. SMITH, Executor, Appellant.

No. 45966.

O'Brien & Molloy, for appellant.

R. J. Kremer, pro se.

OLIVER, J.—J. F. Worman died testate in 1935. His gross estate consisted of about $500 in real estate and $11,000 in cash and securities. His will gave his widow, Josephine Worman, the life use and benefit of all his property, with full power to sell and dispose of any of said property and invest the proceeds as she deemed best, and provided that at her death it should be divided between a brother and three sisters of Mr. Worman.

The will further provided:

"It is my intention that my said wife may have full use of all the income from all my property and so much of the principal as may or might be necessary for her to use for her comfort during her lifetime."

Josephine Worman died in 1939. Prior to her death she had expended for her own use and benefit the income from said estate, and in addition thereto, $500 of the principal received from the payment of securities. On behalf of the parties named as remaindermen in her husband's will, claim for this $500 was made against the estate of Josephine Worman. Upon trial to the court this claim was allowed. The executor of the estate of Josephine Worman has appealed. Appellee has not filed a brief nor entered an appearance in this court.

J. F. Worman's will empowered Josephine to use so much of the principal as might be necessary for her comfort. There was no charge this $500 was used for anything other than her comfort or support, nor that there was any waste, improvidence, or fraud on the part of the widow. It is the rule that where there is a full and general grant of power to the life tenant to encroach upon the principal of the estate to meet some contingency which may or may not arise in the future, and the determination of the contingency involves the exercise of judgment and discretion, the decision made in good faith by the life tenant

is final and conclusive. Hamilton v. Hamilton, 149 Iowa 321, 128 N. W. 380; Nelson v. Horsford, 201 Iowa 918, 208 N. W. 341, 45 A.L.R. 515; In re Estate of Cooksey, 203 Iowa 754, 208 N. W. 337; Brown v. Brown, 213 Iowa 998, 240 N. W. 910; 33 Am. Jur. 734.

Therefore, unless there are circumstances in this case which render the general rule inapplicable, it is clear the good-faith decision of Josephine Worman that this $500 was necessary for her comfort would constitute a defense to appellee's claim against her estate.

The additional circumstances apparently relied upon are the following: Josephine Worman had a separate estate of her own, of which her husband had knowledge when he made his will, and which she retained to the time of her death. The question for solution is whether the possession of this separate estate barred the widow from using so much of the corpus of her husband's estate as she in good faith determined it was necessary to use for her comfort.

In no case called to our attention has this court determined the effect of independent means of a beneficiary upon his rights under a provision securing so much as may be necessary for his support or comfort. There is a conflict in the decisions of other jurisdictions, in part real and in part apparent only, because of the varying language of the instruments and situations involved. See Case Note, 101 A. L. R. 1465; 69 C. J. 950; 33 Am. Jur. 735.

Thus, in Stempel v. Middletown Tr. Co., 127 Conn. 206, 15 A. 2d 305, it was held the individual estate of an insane person should be taken into account by the trustees of a will which provided they should expend so much as was necessary to provide for her comfortable support. On the other hand, In re Bennett's Estate, Sur., 14 N. Y. S. 2d 173, 175, contains the following:

"The law of this state is well settled that the private resources of a beneficiary of a trust fund cannot be taken into consideration in the determination of the amount payable to the beneficiary of a testamentary gift in trust where the trustee is authorized and directed to pay the income to the beneficiary and should said income be insufficient for her comfortable support and maintenance so much of the principal as may be necessary.

Matter of Clark's Will, 280 N. Y. 155, 19 N. E. 2d 1001; Matter of Gatehouse's Estate, 149 Misc. 648, 267 N. Y. S. 808, and cases therein cited.''

And in Rock Island Bk. & Tr. Co. v. Rhoads, 353 Ill. 131, 187 N. E. 139, in which the form and circumstances of the suit and the language of the will were somewhat similar to those in the case at bar, and the widow had property of her own, it was said that she alone was to determine what was necessary for her comfort and satisfaction in life, and that had the clause provided only for her comfort, such would be a limitation on her power of disposal to such of the corpus as she should determine necessary to maintain her in the station in life to which she was accustomed.

However, authorities generally agree that precedents are not of great value as guides in the interpretation of provisions of wills, because the meaning of particular language may vary with the context and circumstances. In each case the intention of the testator should be gathered from the language of the entire instrument, keeping in view the material facts and circumstances under which it was made.

The dominant purpose evidenced by the testator in this case was the securing of the comfort and support of his widow out of his estate. The remaindermen were collateral heirs. The testator undoubtedly knew of his wife's separate estate. In view of this knowledge, the absence of any suggestion in the will that part of her support should come from this source affords some basis for the inference of a contrary intention on the part of the testator. He gave her full power to sell and dispose of the assets of the estate, with full use of the income and so much of the principal as might be necessary for her comfort. These powers should receive liberal construction in order to carry into effect the intent of the testator.

We conclude the will, considered as a whole and viewed in the light of the circumstances known to testator at the time of its execution, shows it was Mr. Worman's intention that his widow should receive her support and comfort from his estate, and that in determining what portion of the principal of the estate might be necessary for her use for this purpose she need

not consider her individual property. It follows that recovery from her estate of the portion of the corpus of her husband's estate so taken and used by her should not have been allowed.— Reversed.

BLISS, C. J., and HALE, MILLER, GARFIELD, WENNERSTRUM, and MITCHELL, JJ., concur.