C. T. McClintock, Guardian, Appellant, v. E. J. Smith, Trustee, Appellee.

No. 47098.

OCTOBER 14, 1947.

V. O. DeWitt, of Sioux City, for appellant.

Gill & Gill, of Sioux City, for appellee.

HAYS, J.—This is an action calling for the interpretation of the will of Jane Chadwick, deceased, and thereby a determination of the rights of the cestui que trust and the duties of the trustee, under a trust created by the will of decedent.

Plaintiff, guardian of the cestui que trust, claims the right to receive the corpus of the trust, or at least a part thereof, irrespective of the personal estate of his ward. Defendant, trustee, claims that only after the ward's personal estate has been exhausted is she entitled to the benefits of the trust.

The trial court allowed the ward the current income from the trust but refused her claim as to the corpus thereof. From an order thus entered, plaintiff appeals.

Agnes Hemphill, incompetent, is a sister of Jane Chadwick,

now deceased. Prior to her death Jane Chadwick was guardian of her sister and provided her with a home. Since the death of Jane Chadwick the sister has been at the State Hospital at Cherokee, Iowa. Agnes Hempill has, in her own right, farm land in Dakota and two small rental properties in Sioux City, Iowa. The average gross annual income is about $1,000. The expense of keeping her at the hospital is $360 per year, while taxes, guardianship expense, and partial upkeep of the properties make a total fixed expense of about $550. At the time this proceeding was commenced the guardian had on hand $987.80. The guardian, since the death of Jane Chadwick, has expended for his ward the sum of $2,832, all of which came from her personal estate. The rental properties are in need of repair, the estimated cost thereof being $1,000.

Jane Chadwick died testate and her will was duly admitted to probate. E. J. Smith, defendant, qualified as executor and was also appointed as guardian of Agnes Hemphill. He later resigned as such guardian and C. T. McClintock was appointed. Under the terms of the will a trust was created with Agnes Hemphill the beneficiary, the said Smith being named trustee. The estate has been administered and the assets turned over to the trustee in accordance with the provisions of the will. While acting as executor Smith converted the estate into cash, as authorized by the will. There is now in the trust the sum of $7,106.74, which, under authority from the court, has not been invested.

As previously stated, appellant asks that he be reimbursed the $2,832 paid out; that he be allowed $1,000 for the repair of the properties, and also an allowance to pay his attorney in this action.

The provisions of the will, so far as material here, are as follows:

Paragraph III. "I will, devise and bequeath all * * * my estate * * * to Reverend Edward J. Smith of Sioux City, Iowa, in trust nevertheless for the use and benefit of my sister Agnes Hemphill * * * for her use and benefit during her lifetime and I * * * request that the said * * * Smith be appointed her guardian * * *.

IV. I will, devise * * * all the property * * * remaining after carrying out the trust provisions aforesaid to the IMMACULATE CONCEPTION ROMAN CATHOLIC CHURCH * * * for its sole use and benefit, it being my intention that in the event of the prior decease of my sister * * * all of the property heretofore provided for her care and benefit as hereinbefore stated, shall be * * * the property of the said * * * CHURCH * * *.

V. I * * * appoint * * * Smith * * * as executor * * * and hereby authorize him to sell any and all of my property * * * as he deems best in his judgment, for the use and benefits hereinbefore provided * * *.''

I. Where a trust is created by will, the rules governing the construction of wills are to be applied. The intent of the testator is the governing question and its answer is to be found by an examination of the entire instrument. Hamilton v. Hamilton, 149 Iowa 321, 128 N. W. 380; Restatement of the Law, Trusts, section 4(c); also section 38; In re Wills of Proestler, 232 Iowa 640, 5 N. W. 2d 922. The real question here involved turns on the meaning of the words "use and benefit." These words are not technical nor ambiguous but are commonly used and have well-established meaning. "Use" as defined in Webster's New International Dictionary, Second Ed., means: "* * * benefit; profit; * * * a trust of real estate." "Benefit" means "To gain advantage; to receive benefit; to profit." These terms have been held to be synonymous. See State v. Brooks, 85 Iowa 366, 374, 52 N. W. 240.

The question of the meaning and effect of the words "use and benefit," when used in a will, has been before this court. In the case of Wohlgemuth v. Des Moines Nat. Bk., 199 Iowa 649, 653, 192 N. W. 248, 250, property was by will given in trust for the benefit of testator's children, with provision that after twenty years the children were to take the property. We say therein:

"It is true that the property was devised to trustees for the use and benefit of the children of testator, and that, under the well recognized general rule, this is a circumstance favorable to immediate vesting of the title; but this circumstance must,

like all others, give way to the clearly expressed contrary intention of the testator.''

In Pool v. Napier, 145 Iowa 699, 124 N. W. 755, property was devised to another for his use and benefit, with full power to use and transfer the same as if he had a fee, but the will further provided that upon his death the remainder was to go to designated persons. We there held that the words ''use and benefit'' had reference to a qualified estate rather than to an absolute one, and that only a life estate with the right to use the corpus if needed was created. See, also, Kierulff v. Harlan, 150 Iowa 671, 130 N. W. 789.

■ Assuming that appellant's contention is correct that the words ''use and benefit,'' standing alone, tend to show a giving of an unqualified estate, this contention is not applicable here. Paragraph IV of the will provided for the ''remaining property'' to pass to named beneficiary. This shows a qualification of the gift in paragraph III. It also shows, however, that more than a mere life estate is given, as the term ''remaining property'' contemplates a possible reduction in the corpus of the trust.

This brings us to the remaining question, Who has the determination of the question as to whether or not the corpus shall be used? Appellant says the cestui que trust, if competent, would have the absolute say and hence it falls to the guardian. Again it is a question of intent of the testator.

■ ■ Paragraph V authorizes the executor to sell the property *as he deems best in his judgment for the use and benefits* provided for in the will. It will be noted that under the will the same party is named executor, trustee, and is suggested to the court as guardian. To testatrix, there was no distinction drawn between the three offices. It clearly follows that the judgment of the individual named, call him executor or trustee, was to be the determining factor. However, in interpreting a will, the court presumes that testator knows law and appreciates the effect of language used in the will. Harvey v. Clayton, 206 Iowa 187, 220 N. W. 25; Baker v. Elder, 223 Iowa 395, 272 N. W. 153. It is the law of this state that the private resources of a beneficiary of a trust fund cannot be

taken into consideration in the determination of the amount payable to the beneficiary for her use and benefit, in the absence of a clear showing of intent to the contrary. In re Estate of Worman, 231 Iowa 1351, 4 N. W. 2d 373. That the court always has the right to review the use of discretion by the trustee, and, if need be, to correct any abuse of its exercise, see Keating v. Keating, 182 Iowa 1056, 165 N. W. 74.

The record clearly shows that it was the intention of testatrix to provide for the care and comfort of her unfortunate sister. She knew all about her sister's finances, as she was guardian at the time of her death. By her will she gave her a life estate, which carries with it the income from the corpus. She gave her more. She gave her the right to use the corpus if such should be necessary. She left the question of necessity to the judgment of the trustee, subject, of course, to review by the court and to correction in case of abuse thereof.

Here the court directed the trustee to invest the funds and pay the returns to the guardian of the beneficiary of the trust. It refused to order the trustee to pay from the corpus of the trust, *at this time*, in order to reimburse the guardian or to pay for extensive repairs of the properties. Under the record it found an abuse of discretion in the refusal to pay income until the ward's property was exhausted, as the life estate clearly carried this. It found no abuse of discretion in the refusal to make improvements and reimburse the guardian, as the record shows the income from the ward's estate, plus the income from the trust, to be sufficient at present for her needs. In this we find no error and agree with the trial court.

II. Appellant further alleges error in the refusal of the court to allow an attorney's fee for the appellant's attorney in this action. The trial court found that the attorney's fees should be paid out of the guardianship funds rather than the corpus of the trust. In this we find no error. The ultimate purpose of the litigation was for the protection of the personal estate of the ward and not for the benefit of the trust.

Finding no error, the order of the trial court should be affirmed.—Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, SMITH, MANTZ, and MULRONEY, JJ., concur.