RALPH H. WATKINS, appellee, v. HOWARD T. DEAN et al., appellants.

No. 48031.

(Reported in 52 N.W.2d 498)

APRIL 1, 1952.

Hines & Higgins, of Harlan, and Joe W. Turner, of Avoca, for appellants.

John J. Hess and John M. Peters, both of Council Bluffs, Manning Walker, of Shelby, and Gail Ireland, of Denver, Colorado, for appellee.

WENNERSTRUM, J.—Plaintiff in this action seeks to have title quieted in him to approximately 310 acres of land in Pottawattamie County, Iowa. The defendants who are herein involved are grantees or heirs of grantees under deeds executed by Bessie F. Watkins who held a life interest in the property subject to a power to sell and convey it under conditions which will be hereinafter commented upon. The trial court held that the right of sale and disposal given to Bessie F. Watkins under the will of her husband, Edward J. Watkins, was of a limited nature and that the deeds which were executed by her during her lifetime were not, under the facts disclosed by the record, within the authority or power granted under her husband's will. The trial court quieted title to the real estate in favor of the plaintiff and against the defendants. They have appealed.

Edward J. Watkins died on December 22, 1928. His will which was executed August 28, 1920 gave to his wife, Bessie F. Watkins, all of his property "* * * for and during the term of her natural life, the intention being to create by this item a life estate in said property for her benefit."

Item II of the will of Edward J. Watkins, the construction and interpretation of which is here in controversy, is as follows:

"In addition to the life estate above created, I give, devise and bequeath to my said beloved wife the POWER to use and consume any part or all of my said property at any time and to any extent which she may deem proper and right for her comfort, enjoyment and happiness, and to this end she is fully authorized without order of court to sell, transfer and convey, without order of court, any part or all of said property to the same extent as I might do if living."

In the original will the residue and remainder of the estate was given to a John R. White. He was not related to the testator but had lived during his youth in the testator's father's home.

He also had lived in the home of Edward J. Watkins and his wife. However, by a codicil to the will dated April 23, 1927, the portion of the original will which gave the residue to John R. White was revoked and the residuary of the estate was given to the testator's nephew, Ralph H. Watkins, who is the plaintiff herein.

Bessie F. Watkins died on September 18, 1949. On November 10, 1944, by one deed she conveyed certain lands setting out in this deed the interest that the particular grantees were to have. On this same date she also conveyed certain described farm property to John R. White who was the original residuary beneficiary under the will of Edward J. Watkins. On April 17, 1946, she conveyed other farm property to the Christian Home Association of Council Bluffs, Iowa. In the deeds dated November 10, 1944, the consideration is noted as "* * * One Dollar; Love and Affection and other good and valuable consideration * * *", and in the last referred to deed the consideration is noted as "* * * one dollar and other good and valuable consideration * * *." The question involved in this appeal is whether the grantor of these deeds had the authority under the will of Edward J. Watkins to make these conveyances. The record does not disclose any evidence of any additional consideration or monies other than that referred to in the deeds. It is definitely shown by the record that Bessie F. Watkins had sufficient funds for her personal requirements by reason of the monies received as the result of her life interest in the properties which she sought to convey by deed. It is also shown that Ralph H. Watkins, who had been a tenant on the lands here involved, became indebted to Bessie F. Watkins and during 1938 and 1939 owed her between $7000 and $9000. This indebtedness was paid during 1940 or 1941. By reason of this debt and differences with Ralph's wife, as well as difficulties growing out of the tenant situation, the relationship between Mrs. Watkins and Ralph and his wife was strained. As the result of all these circumstances Mrs. Watkins gave notice to Ralph and his wife to terminate their tenancy. They moved from the farm about 1945.

I. In determining this appeal we must endeavor to ascertain what the testator's intent was. This, of necessity, must be determined from the wording of the will itself. In the instant

case the interest willed to the wife is unquestionably a life interest. We must then be concerned with the question whether the holder of this life interest had an unlimited and unqualified power of disposition of the property consisting of the residuary portion of the estate of Edward J. Watkins.

There is no necessity of testamentary construction when the intention of the testator can be ascertained from the words in his will. In re Estate of McCulloch, 243 Iowa 449, 457, 52 N.W.2d 67, 72, and cases cited; Carpenter v. Lothringer, 224 Iowa 439, 456, 275 N.W. 98. This appears to be the situation in the present case. As previously set forth the right of disposition of the property by the widow was authorized at "* * * any time and to any extent which she may deem proper and right for *her comfort, enjoyment and happiness* * * *." (Italics supplied.)

In our recent case of Lovrien v. Fitzgerald, 242 Iowa 1258, 1263, 49 N.W.2d 845, 848, we had occasion to pass upon a will where the testator gave his widow the right to sell property otherwise limited to a life estate " "* * * as she may see fit for her interests * * *"." We therein held that the right of the widow was limited to those circumstances where it was for her best interest. The wording in the Fitzgerald will is not the same as in the Watkins will but it is apparent that what the testator had in mind in the instant will was to provide for the best interest of his wife from the standpoint of her personal comfort, enjoyment and happiness as far as her material needs were concerned. If he had desired to do more for her he would not have limited her to a life interest with power of disposition under certain conditions. In the Fitzgerald case we held that the disposition made by the widow was not made with the thought of her best interest but was actuated by other motives.

And in the present case we likewise have reached the conclusion that the attempted disposition by the widow of the property in which she had a life interest was not done to aid her in a material manner and thereby bring her comfort, enjoyment and happiness. This is particularly true when we observe that she had no needs as far as her material wants were concerned. Her banker adviser testified:

"Mrs. Watkins was always in good financial condition be-

tween 1940 and 1947, she had no debts that I know of. She had a substantial banking account during all that period. * * *

"So far as I know Mrs. Watkins had no other depository for her funds other than the Farmers Savings Bank, Shelby, Iowa. On November 10, 1944 she had on deposit in our bank the sum of $4494.57. On April 17, 1946 she had $2561.09. I would say offhand she had about $8000 or $8500 in Treasury Bonds, she had some G Bonds and E Bonds."

There is disclosed by the record a very evident reason why Mrs. Watkins sought to dispose of the property as she did. Because she felt that the farm property was not being properly managed by Ralph H. Watkins and also by reason of personal differences, previously referred to, a spirit of ill will developed between them. Relative to this situation the banker further testified:

"Mrs. Watkins told me about making deeds to this property. She talked with me about making the deeds and I told her to see an attorney. That happened off and on for possibly two years before she made the first deeds in 1944. At that time she said there were some pretty hard feelings between her and Ralph. She told me about these deeds after they were made. Mrs. Watkins frequently discussed with me the matter of troubles she was having with Ralph over a period from 1942 or 43 on."

And as further bearing upon the state of mind of Mrs. Watkins, the attorney with whom she counseled relative to the making of the deeds testified:

"At the time the two instruments executed, or the two deeds which were executed in 1944 by Bessie Watkins were drawn up, myself, my secretary and Bessie Watkins were the only ones present. The only reason that Bessie Watkins gave me for wanting to convey the property was that she didn't want Ralph Watkins to have it. There was no other basis for her making the conveyance. The same applies to the deed in 1946 to the Christian Home. * * *

"The only reason Mrs. Watkins made the deeds was so Ralph wouldn't get this property. There was no cash consideration at the time at all."

By no strained interpretation can it be said that the deeding of the property by Mrs. Watkins was done to bring her comfort, enjoyment and happiness. The fact that she may have developed a feeling of ill will against Ralph H. Watkins and that the deeding of the property as she did might have brought her some personal satisfaction cannot be construed as making possible a conveyance of the property "* * * for her comfort, enjoyment and happiness * * *."

Other authorities where a power of disposition under the provisions of a will are considered are: Carpenter v. Lothringer, supra; In re Estate of Worman, 231 Iowa 1351, 4 N.W.2d 373; 1 Iowa Law Bulletin 87. See also annotations 2 A. L. R. 1248; 27 A. L. R. 1381; 69 A. L. R. 827; 114 A. L. R. 949.

II. The right or authority given under the terms of the will here involved or a similar will must be based on a good faith decision of the person to come within the provision of such a will. Hamilton v. Hamilton, 149 Iowa 321, 325, 326, 128 N.W. 380. In the case of In re Estate of Worman, 231 Iowa 1351, 1352, 1353, 4 N.W.2d 373, we held that the decision of a life tenant relative to the necessity of encroaching upon the principal of the estate to meet a contingency anticipated or provided for by a will is final and conclusive provided it is made in good faith. And also in Lovrien v. Fitzgerald, supra, we again approved these holdings and held good faith is necessary under such a provision in a will.

The heretofore quoted evidence does not disclose the good faith that should be present to justify a conveyance that would bring it within the purview of the authority given in the will of Edward J. Watkins. We are satisfied that the trial court reached the right conclusion when it held as follows:

"The power granted to Bessie F. Watkins was a limited one giving her the right to *use* and *consume* the property to any extent which she deemed proper for her comfort, enjoyment and happiness and to that end she was authorized to sell, transfer and convey any part or all of said property, but the mental satisfaction of retaining the use of said property during her lifetime and depriving Ralph H. Watkins of his remainder interest in said real estate does not in law constitute such use or consumption of said property for her comfort, enjoyment and happiness, and the

attempted exercise of the power was clearly not in good faith but was undertaken solely for the purpose of depriving the remainderman of his remainder interest * * *."

The desire to deprive a remainderman of property is no justification for conveying property under a limited authority to convey given to a life tenant. Hamilton v. Hamilton, supra.

The appellants assert that the case now before us for review comes within the holdings and facts in In re Estate of Cooksey, 203 Iowa 754, 756, 208 N.W. 337. In that case the widow was given authority under a will " 'to dispose of and pass clear title'." In the instant case there was limited authority. The last cited case is in no manner controlling. Other authorities cited by appellants have been considered but are not applicable to the facts here involved.

For the reasons heretofore set forth we affirm.—Affirmed.

All JUSTICES concur.